## Arthur Henard v. The State.

### No. 2939.          Decided March 16, 1904.

**1.—Rape—Evidence—Different Transactions.**

It is the recognized doctrine in this State that other acts of intercourse are not admissible in a rape case, unless such acts are made pertinent by some issue raised by the defense; or that such other acts of intercourse tend to demonstrate or shed light upon the offense charged.

**2.—Same—Withdrawal of Evidence Illegally Admitted.**

Where the court erroneously permitted the State to prove different acts of intercourse in a rape case, and at the conclusion of the introduction of all the evidence withdrew such testimony, it did not cure the error.

Appeal from the District Court of Cooke. Tried below before Hon. D. E. Barrett.

Appeal from a conviction of rape; penalty, twenty-five years imprisonment in the penitentiary.

The opinion sufficiently states the case.

*Culp & Giddings,* for appellant.—On question of admitting different acts of intercourse: Smith v. State, 7 Texas Ct. Rep., 343; Barnett v. State, 7 Texas Ct. Rep., 390; Smith v. State, 7 Texas Ct. Rep., 918.

*Howard Martin,* Assistant Attorney-General, *R. E. Thompson,* County Attorney, and *C. L. Potter,* for the State.—On the question of different acts of intercourse: House v. State, 16 Texas Crim. App., 25; Kelly v. State, 18 Texas Crim. App., 262; Musgrove v. State, 28 Texas Crim. App., 57; Nixon v. State, 20 S. W. Rep., 364; Wharton's Crim. Ev., art. 31.

On question of withdrawal of illegal evidence: Jones v. State, 23 S. W. Rep., 793; Morgan v. State, 51 S. W. Rep., 902; Trotter v. State, 36 S. W. Rep., 278; Sutton v. State, 2 Texas Crim. App., 342; Moore v. State, 7 Texas Crim. App., 14; Reynolds v. State, 8 Texas Crim. App., 412; Graves v. State, 14 Texas Crim. App., 113; Skaggs v. State, 31 Texas Crim. Rep., 563; Miller v. State, 21 S. W. Rep., 925; McGee v. State, 43 S. W. Rep., 98; Stevens v. State, 49 S. W. Rep., 105; Leach v. State, 53 S. W. Rep., 630.

HENDERSON, JUDGE.—Appellant was convicted of rape, and his punishment assessed at confinement in the penitentiary for a term of twenty-five years.

There are two bills of exception which raise practically the same question. These relate to the proof of other acts of intercourse than that alleged in the indictment, and for which appellant was tried. When prosecutrix, Luna Wilson, was first placed on the stand, the State proved by her an act of intercourse occurring during the spring of 1903, about corn planting time; and this was the transaction relied on by the State for the conviction. The State was then permitted to prove by said witness that on August 1st, some five or six weeks after the first occasion testified about, appellant came through an open window into her room at night, and had intercourse with her. The court explains the admission of this testimony by stating that when prosecutrix was first placed on the stand she testified that no one save defendant had ever had intercourse with her. Afterwards the State placed Dr. Hewitt on the stand, and he testified that prosecutrix was about six months advanced in pregnancy at the time of the trial, which occurred on December 14, 1903. That this testimony of Dr. Hewitt as to the extent of her pregnancy, if the State was not permitted to show subsequent acts, would tend to discredit the testimony of Luna Wilson as to intercourse with defendant in the spring of 1903, and the court deemed the evidence complained of as competent and admitted it. But when

all the testimony on both sides was introduced, upon motion of the defendant, the court withdrew the consideration of said testimony from the jury. The State was further permitted to prove that on another occasion between corn-planting time in the spring and the occasion in August, appellant slipped into her room at night and had intercourse with her. The court explains the admission of this testimony in the same manner as stated above. The State insists, in the first place, that this testimony was competent because of the facts stated in the explanaion of the court; and because it tended to shed light on the transaction for which appellant was being tried. The State further contends that if said testimony was not admissible it was withdrawn by the court, and it was not of that injurious character which would affect appellant notwithstanding its withdrawal. Since the decisions of Smith v. State, 7 Texas Ct. Rep., 343; Barnett v. State, 7 Texas Ct. Rep., 390; and Hackney v. State, 7 Texas Ct. Rep., 890, it is the recognized doctrine in this State that other acts of intercourse are not admissible in a rape case, unless such acts are made pertinent by some issue raised by the defense, or that such other acts tend to demonstrate or shed light upon the offense charged. Here we fail to perceive how said other two offenses proven served to shed any light upon the offense charged. Does the explanation made by the court suggest the admissibility of this evidence? It will be observed that the court states that the testimony was admitted for the purpose of corroborating or supporting the testimony of prosecutrix. The bill does not show that her evidence had been attacked. The fact that she stated she had never had intercourse with any other person than appellant, and that the physician subsequently testified for the State that her condition as to pregnancy indicated she must have had intercourse with some person at a time subsequent to that testified to by her originally, was not an attack upon her testimony, much less an impeachment of her. She having testified that she had never had intercourse with any other person than appellant, would merely tend to show, in consonance with her testimony, that she must have had intercourse with appellant on other occasions than that testified to originally by her. If she had testified in the first instance that she had never had intercourse with any person except appellant, and only once about corn-planting time in the spring, then there might be some pretense for the admission of other acts. Even then it is doubtful if the testimony would have been admissible, inasmuch as the testimony adduced from the physician was introduced by the State, and up to the time these other acts of intercourse were proven, the defendant had introduced no evidence. Clearly the testimony was inadmissible. The remaining question is, was the testimony of such a character as that its withdrawel by the court would remove any injurious consequences. As to this matter the State refers us to a number of cases in which it has been held that the admission of illegal

testimony and its subsequent withdrawal by the court cured the error. See Miller v. State, 31 Texas Crim. Rep., 609; Trotter v. State, 37 Texas Crim. Rep., 468. We believe all the cases referred to by counsel are cases in which the testimony considered illegal was subsequently withdrawn, and the error held to be cured. But some, if not all of them, suggest that there are cases in which the admission of illegal testimony can not be subsequently withdrawn so as to cure the error. In McCandless v. State, 42 Texas Crim. Rep., 58, the question was discussed and a number of authorities on both sides of the question are cited, and the proposition stated, "that the admission of evidence which is of a material character and calculated to influence the jury, is not cured by its subsequent withdrawal from their consideration." Citing Welhausen v. State, 30 Texas Crim. App., 623; Bluman v. State, 33 Texas Crim. Rep., 43; Barth v. State, 39 Texas. Crim. Rep., 381; and see Durham v. State, 8 Texas Ct. Rep., 422. Was this evidence of such a material character that its subsequent withdrawal would not cure its admission? It will be borne in mind that each act of intercourse with prosecutrix (whom the State showed was under 15 years of age) was a distinct offense, for which appellant was amenable under the law. These subsequent acts, while illustrating or giving point to no issue in the case, would suggest to the jury that appellant had not only debauched prosecutrix, but was keeping her for his uses; and would unquestionably serve to aggravate his punishment. Appellant here made an issue as to prosecutrix's age, showing by several witnesses that she was over 15 years of age at the time; and the State's evidence upon this question was left in confusion, inasmuch as it was snown without controversy that one of the principal State's witnesses had destroyed the leaf in the Bible which contained the age of prosecutrix as well as that of her sisters and brothers; although he states that he copied from said leaf the date of the births of the children on another leaf in the same book, yet the fact that this was done after the alleged commission of the offense and but a very short time before the grand jury met, tends strongly to show that there was purpose in this destruction of evidence on his part, as well as that of his father, who appears to have agreed to the transaction. So that it is possible, under the circumstances, that the jury may have used the other acts of intercourse for the purpose of strengthening the State's case, in addition to aggravating appellant's punishment. We do not believe that the evidence here improperly admitted was of such a character as that a subsequent withdrawal thereof would leave the matter without injury to appellant.

The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*