### ARTHUR HENARD v. THE STATE.

No. 2963.     Decided October 19, 1904.

#### 1.—Rape—Evidence—Leading Question—Not Reversible Error.

Where the question propounded by State's counsel was leading, with reference to the occurrence of the rape, but there was no issue made as to the particular date when the case should have occurred and there appeared no injurious result of appellant in permitting the question and answer, there was no reversible error.

#### 2.—Same—Third Party—Must be Evidence Tending to Connect Him With Offense.

Where defendant charged with rape was not permitted to show that his wife's brother had been intimate with prosecutrix, on the ground that such testimony was irrelevant, etc., and the bill of exception does not show his purpose in desiring its introduction and that there were facts presenting the theory tending to show that a third party committed the offense, instead of defendant, there was no error.

#### 3.—Same—Acquaintanceship and Familiarity May Be Shown.

Acts showing acquaintanceship and familiarity between the defendant and prosecutrix in case of rape, are admissible as tending to show likelihood and opportunity to commit the offense: and this doctrine is not in conflict with that, which holds, that proof of other acts of intercourse is not admissible in a case of rape of a female under 15 years of age.

**4.—Same—Acts of Familiarity Not Going to Extent of Other Acts of Rape Admissible.**

Where the State was permitted to show that upon an occasion different from the one at which the rape occurred, defendant and the prosecutrix were seen together alone and under circumstances evincing familiarity, and the prosecutrix remarked to the witness, "You liked to scared me to death," which remark the court excluded and there was no testimony of sexual intercourse between the parties at that time, there was no error.

Appeal from the District Court of Cooke. Tried below before Hon. D. E. Barrett.

Appeal for a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Culp & Giddings,* for appellant. If the above testimony was intended to prove anything at all, it was intended to show that on the day Miss Stevens was there, defendant and Luna had intercourse with each other. Now, Luna had already made out a case, and when she left the stand the State had elected to prosecute for that occasion, and proof of other acts was not admissible.

The defendant did not know and had no means of knowing, when Miss Stevens testified that the occasion was not the same as the one Luna had testified to, and therefore could not and did not object, but as soon as the witness Luna disclosed that the occasion that Miss Stevens was there, was a different day than the day of the rape, for which he was being tried, he promptly moved for the withdrawal of the testimony.

The fact testified to by Miss Stevens could only suggest to the jury one conclusion—the fact that Luna and defendant were alone in the room, the fact that this was a bed-room, the fact that the door was closed, and that the prosecuting witness came to the door in great alarm remarking, "You nearly scared us to death," and the fact that the defendant disappeared for fifteen minutes, when grouped together, could not have led the jury's minds to but one conclusion, and that was that Miss Stevens had almost caught them in flagrante delicto. Now, how did this evidence throw any light on the rape testified to by Miss Luna? The court, in refusing this motion, clearly fell into the same error, that it fell into upon the former trial.

But it is argued by the State, that this evidence is admissible to prove the familiarity of the parties. If this makes it admissible, then the rule would fall entirely, because it is not possible to conceive any act of familiarity more cogent than an act of carnal intercourse. But even if this evidence can find some theory upon which it is admissible, it certainly should have been limited to its proper sphere, and our next assignment complaining of the refusal of the court to so limit, when requested, ought to be sustained.

This assignment is as follows:—

Sixth. "The court erred in refusing his special request to charge No. 1, because the testimony of Miss Stevens, if admissible at all, was not admissible for the purpose of proving an act of intercourse on the date covered by her evidence, and should have been limited to its legitimate purpose."

After the court refused his motion to strike out the evidence of Miss Stevens, in order to limit the evidence to its only possible sphere, defendant, in writing requested the following charge:

"The State's witness Luna Wilson testified that the occasion testified to by her as to the rape, which is the rape defendant is being tried for, is not the same day that Miss Stevens has testified to. You are therefore instructed that you can not consider the evidence of Miss Stevens for the purpose of determining whether defendant had intercourse with her on the day Miss Stevens was there."

This was refused, and the case went to the jury with the evidence of Miss Stevens, unlimited and unqualified, and we submit that it is impossible for any person to say, whether defendant stands convicted of the rape testified to by Luna, or the one that the jury might have inferred was committed on the day Miss Stevens was there. Most likely the latter, because Miss Stevens posed as a disinterested party, and this court knows, judicially almost that her evidence was used with more force by the State than that of Luna herself.

In addition to the facts above shown, as stated by Miss Stevens, we call the court's attention to the fact that the Statement of Facts shows that Miss Stevens says that defendant was in the girl's sleeping room, sitting on the bed.

If it is contended that since Miss Stevens did not say, in express terms that they committed an act of intercourse on the day she was there, that her evidence shows that this does not come within the general rule that when proof of other offenses is admitted, the same must be limited in the charge, because the jury may not have understood the evidence for that purpose.

To this we reply in the language of this court in the Wilson case, 39 S. W. Rep., 373:—"The general rule is that whenever extraneous matter is admitted in evidence, a specific purpose incidental to, but which is not admissible directly to prove the main issue, and which might *tend*, if not explained, to exercise a strong, undue or improper influence upon the jury as to the main issue, injurious and prejudicial to the rights of the party, then it becomes the imperative duty of the court to limit and restrict it so that such unwarranted results can not ensue, and a failure to do so will be radical and reversible error even though not excepted to, etc."

Does the evidence of Miss Stevens not tend to show an act of intercourse that day? What other possible tendency could it have had? If not, why dwell upon their being alone in the room? Why so particular to tell about there being no one else on the premises? Why did you

notice the fact that he disappeared for fifteen minutes? Why Luna's fright so marked that you testified "we scared them by walking up on them"? Why did you observe that there was no one but Luna and Henard? "He was in the girl's sleeping room sitting on the bed."

These facts evidently made but one impression upon Miss Stevens, and *unqualified* and *unlimited* as they were, could have made but one impression on the jury.

Their subsequent conduct after Miss Stevens got there, when scuffling over the bowl, amounts to nothing, but their previous conduct, their appearance, situation, etc., could only have had one meaning.

It is unnecessary to cite authorities to this court, that when evidence of a character which is calculated to cause the jury to *convict the defendant* of *another offense than the one on trial,* the court should limit its effect, in the charge, to its proper sphere.

Our requested charge, though somewhat inartistically drawn, would— if given—have told the jury that Miss Stevens' evidence could not be considered "for the purpose of determining whether he had intercourse with her on that day," and would have extracted the poison from the evidence. Then, if the jury or the court, could conceive any other tendency of a legitimate character, that that testimony could have had, he should have instructed them to consider it for that purpose only. If no such tendency, other than that can be conceived, then the evidence had no business in the case, and ought to have been withdrawn entirely We did all we could to withdraw it, and then to diminish its effect, but it was left in the case, and we had not only to meet its poisonous influences, but to answer the arguments which its presence in the case furnished to opposing counsel.

We recognize the fact that this court said in the Denton case, 79 S. W. Rep., 560, that proof of other conduct subsequent to the rape showing acts of familiarity "short of criminal intimacy" are admissible. But we submit that this testimony tends to show as strongly, as circumstantial evidence can show, that an act of criminal intimacy was committed, and nothing "short of it." If there was nothing in the evidence but the scuffle over the bowl after Miss Stevens got there, the case might be different.

We see no escape from the conclusion that this testimony should either have been eliminated entirely or limited in the manner requested.

*Howard Martin,* Assistant Attorney-General, for the State. The State submits, that under the authorities of Denton v. State, 9 Texas Ct. Rep., 947, this testimony of Miss Stevens was admissible to prove the familiarity of appellant and prosecutrix. Appellant denied that he had ever had intercourse with prosecutrix. Prosecutrix affirmed that he had. This testimony tended to corroborate her. The State further submits, that the court did not err in failing to limit and restrict

this evidence to the purpose for which it was admitted. The intimacy shown was not of a criminating nature. It was not of such a character, as a jury might appropriate it for another and different purpose, than that for which it was admitted. The jury assessed the lowest penalty.

HENDERSON, JUDGE.—Appellant was convicted of rape, and his punishment assessed at confinement in the penitentiary for a term of five years. This is the second appeal,—the former being reported in 79 S. W. Rep., 810.

Appellant reserved a bill of exceptions to the action of the court permitting the State to propound to prosecutrix the following question: "Did the defendant do that to you within one year prior to last November?" To which she answered, "Yes, it was within one year running back from last November." The question was objected to as leading. As presented the question does appear to be leading. However, no issue was made as to the particular date when the case should have occurred, and we can see no injurious result to appellant in permitting the question and answer.

Appellant excepted to the action of the court refusing to permit him to prove by Mrs. Nettie Henard (wife of defendant and sister of Luna Wilson) that her brother Wallace Wilson, during the time she lived with her father, and while Wallace was there and before she married Arthur, that Wallace came into her room at night, as many as, on three occasions, and put his hand on her breast and tried to get in bed with her, and to get her to have intercourse with him. The testimony was excluded on the ground that it appeared to be irrelevant and immaterial, not connected with the transaction on trial and too remote. The bill itself does not show appellant's purpose in desiring its introduction. This should have been done. However, before testimony of this character can be offered, there must be some facts presenting the theory tending to show that a third party committed the offense instead of defendant; that is, some evidence pertinently connecting the third party with the offense charged. The bill should have shown some evidence of this character, which it does not do. If we were permitted to recur to the evidence in the case that would equally fail to suggest the theory connecting Wallace Wilson with the offense charged. Therefore, the court did not err in excluding the testimony.

By another bill of exceptions appellant complains of the action of the court, as follows: "The State called as its first witness, Miss Luna Wilson, and proved by her one and only one act of intercourse between her and defendant, which she said occurred within one year prior to the date of filing the indictment. This witness did not testify to anything that occurred on the time testified to by the witness Maggie Stevens, as shown hereafter by this bill. After this witness had testified, the State called Miss Maggie Stevens, as its next witness before it rested, and she testified, as follows: "I was at Mr. Wilson's house within the last year or so and saw the defendant there. No one was there but him

and Luna. That was one or two o'clock in the afternoon. No one was there on the place but he and Lune when I got there. They were in the room the girls slept in and Luna came out on the porch as I came in. When I first got there, Luna met us at the door and I never saw him for about fifteen minutes. Luna was doing nothing when she came to the door, and she never said anything only she said we liked to scared her to death. We scared them by walking up on them. They were scuffling over a bowl after that on that day. She had a bowl and he was trying to take it away from her. I don't remember whether he took it away from her. She was trying to get him to quit and let her alone. This was along about May of last year sometime." After the State rested, the defendant called Miss Luna Wilson, the prosecuting witness, and she testified that the day Miss Stevens was there, was not the day she had intercourse with defendant, as testified to by her in her direct examination. Thereupon defendant filed and presented to the court, the following motion: "Now comes the defendant and moves the court to exclude and withdraw from the consideration of the jury the testimony of Miss Stevens, because the same is incompetent, irrelevant, immaterial and prejudicial, in this: It appears from the evidence of Luna Wilson (the prosecuting witness), that the act of intercourse testified to by her, and for which this defendant is on trial, did not occur on the day testified to by Miss Stevens, and the evidence of Miss Stevens only tends to prove another and different occasion and offense than the one on trial." The court in explaining the bill, says: "After the evidence was all in and the argument had begun, the court on motion of defendant verbally instructed the jury, that the remark testified to by Miss Stevens that Luna made, 'You liked to scared us to death,' was not to be considered by them." After this explanation, the motion to exclude the balance of the testimony was overruled. Appellant strongly urges that this was proof of another act of intercourse, or rather that the circumstances tended strongly to show another act of intercourse, and the evidence should have been excluded. If appellant is correct in his contention he is amply supported by Smith v. State, 7 Texas Ct. Rep., 918, and authorities there cited. The State, however, contends that the testimony adduced does not show another act of intercourse constituting a distinct offense, but merely tends to show the familiarity existing between the parties, and that such evidence is admissible as tending to support the prosecutrix, as to the occasion testified about by her. The only Texas case to which we are referred authorizing the introduction of such evidence is Denton v. State, 9 Texas Ct. Rep., 947. There is an expression in that decision suggesting the admissibility of this character of testimony, but the point was not necessary to that decision. As stated above, the rule in this State now is, as laid down in Smith's case, supra; that is, as a general proposition evidence of other acts of intercourse between a defendant and a girl under fifteen years of age, on whom he is alleged to have committed a rape, is not admissible. This rule appears to be based on the danger

of admitting evidence of extraneous crimes of like character, because the same would be calculated to unduly influence the jury. While this may be true, it is difficult to differentiate between this character of testimony; that is, acts showing familiarity between the parties, and other rapes. According to Mr. Bishop they only differ in degree. Bishop Stat. Crimes, secs. 680, 682. However, the former cases on this subject admitting other acts of criminal intercourse between the parties have been overruled, and we have adopted a different rule as to such other acts constituting separate rapes. Smith v. State, supra. The recognition of the doctrine that acts showing acquaintanceship and familiarity between the parties is admissible as tending to show likelihood and opportunity to commit the offense, is not in conflict with the cases holding proof of other rapes not admissible.

Appellant earnestly insists that the testimony properly construed shows another rape, if it shows anything. The State eliminated this evidence by showing that no intercourse occurred between the parties on said occasion, and as presented shows merely intimacy between the parties, falling short of another offense. As to the intensity of the proof we have nothing to do, holding as we do, evidence of conduct between the parties indicating familiarity may be adduced in a rape case, when this does not go to the extent of showing another offense.

Appellant further contends that the evidence in this case is not sufficient to sustain the verdict. We cannot agree to this contention. The only issue made on this line is as to the age of the prosecutrix. An examination of the record shows that the age of prosecutrix was testified to by a number of parties, showing that she was under 15 years of age at the time of the commission of the offense; and we think it was amply sufficient to convince the jury that this fact was established beyond any reasonable doubt. The judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.