### GARY CONE v. THE STATE.

No. 5500. Decided November 26, 1919.

1.—Accomplice to Theft—Other Offenses—Evidence—Rule Stated.

While it has been held that evidence of extraneous crime may be admitted in evidence to develop the res gestae, or show intent or system, it will be observed that the authorities draw a broad distinction between the doctrine of system and systematic crime, and upon trial of accomplice

of theft of an automobile, testimony of other thefts of automobiles committed by the principal should not have been admitted. Following: Long v. State, 39 Texas Crim. Rep., 537, and other cases.

### 2.—Same—Accomplice—Charge of Court—Principal—Theft.

Where defendant was prosecuted as an accomplice to the theft of an automobile, it was necessary for the State to prove that the party committing the theft was a principal; that defendant advised and encouraged him to commit the theft, and that defendant was to receive the stolen auto and pay the principal for it, and the charge on accomplice testimony should haven been given on these lines.

### 3.—Same—Continuance—Practice on Appeal.

Where the judgment is reversed and the cause remanded for other reasons, the overruling of the application for continuance need not be reviewed.

### 4.—Same—Evidence—Declarations of Third Parties.

Upon trial of theft as an accomplice, testimony as to subsequent acts and statements of others was not admissible, where the defendant was in no way a party thereto or had knowledge thereof.

Appeal from the District Court of Camp.   Tried below before the Hon. J. A. Ward, judge.

Appeal from a conviction of an accomplice to theft; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*M. B. Briggs, Bass, & Engledow,* and *C. E. Florence,* for appellant.—On question of accomplice testimony: Leeper v. State, 15 S. W. Rep., 411; Crowell v. State, 6 id., 318; Hanson v. State, 11 id., 37; Truelove v. State, 71 id., 601; Johnson v. State, 60 id., 667; Hanks v. State, 55 Texas Crim. Rep., 405, 117 S. W. Rep., 149; Williams v. State, 82 Texas Crim. Rep., 215, 199 S. W. Rep., 296.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of charge on accomplice testimony, and other offenses: Serop v. State, 69 Texas Crim. Rep., 399, 154 S. W. Rep., 557; Morgan v. State, 31 Texas Crim. Rep., 1; Nikon v. State, 31 id., 205.

On question of evidence of other offenses: Dowling v. State, 65 Texas Crim. Rep., 501, 145 S. W. Rep., 606; Serrato v. State, 74 Texas Crim. Rep., 413, 171 S. W. Rep. 1133.

DAVIDSON, Presiding Judge.—Appellant was convicted as an accomplice to the theft of an automobile.

The indictment charged that Joe Pullen committed the theft of an automobile from Ike Pitts, and that appellant prior to this theft advised and encouraged Pullen in committing the theft.   Pullen

testified that he entered into a conspiracy or agreement with appellant to steal automobiles, for which appellant was to pay him one hundred dollars a piece; that Pullen was to bring them to appellant, that appellant lived in Upshur County, and it seems that this contract or agreement between them was entered into in that county. Pullen testifies that he went to Mt. Pleasant in Titus County and stole an auto, which proved to be the property of Pitts; that he brought this auto to appellant and turned it over to him. The auto belonged to Pitts and was stolen by somebody, and was subsequently recovered by Pitts in Tyler, Smith County. Pullen testified further that he committed the theft of perhaps as many as three additional autos at intervals covering several months, and that three of these reached appellant; it seems the last one did not, but from the view we take of the case it is immaterial whether it did or did not reach him.

Over the objection of appellant the evidence with reference to the three other automobiles was introduced in evidence. The court signing the bill of exceptions states he permitted this on the theory that there was a general conspiracy between the parties by which Pullen was to commit theft of autos, appellant receive them, and, as long as this conspiracy was pending, that all thefts in accordance therewith were admissible in each case. We are of opinion that the court was in error. The matter has been before the court on various propositions and under numerous authorities. It has been held by this court that evidence of extraneous crimes may be admitted to develop the *res gestae*, connect the defendant with the case on trial, or to show intent, and also it is asserted as a general proposition that such evidence may be introduced when it tends to show system. It wll be observed that the authorities draw a broad distinction between the doctrine of system and systematic crime. This has been the subject of a number of decisions, and the question of system will not apply unless it is for some of the purposes stated. The court, speaking through Judge Henderson, discussed these matters at some length in Long's case, 39 Texas Crim. Rep., 537. See also Smith v. State, 52 Texas Crim. Rep., 80, 105 S. W. Rep., 501. That case shows that it was the theory of the State that Smith and Capers entered into a conspiracy to commit the crime of arson as to different houses. Capers testified against Smith, and on the trial the court permitted testimony with reference to the arson of other houses than that charged. This court used the following language:

"These transactions were independent of the one for which this conviction was obtained. The court seemed to believe, from his qualification of the bill, that if there was a conspiracy to burn houses, this would permit evidence of all the other cases of arson testified by Capers, on the theory of system. Where evidence of an extraneous kind is admitted, it must be to show intent to develop the *res gestae*, identity of the defendant, or show system. That a party may be systematically a thief, or destroyer of houses by burn-

ing, or in the participancy or execution of a crime, does not neces-
sarily come within the exceptions above mentioned. To prove system
in order to identify a party, or to show intent, is one thing, but to
prove systematic crime, or that an accused is a confirmed violator
of the law, is a very different proposition. And extraneous crimes
are not admissible, even under the exception to the rule, unless the
testimony comes within one of the exceptions, and this to connect
the defendant with the crime for which he is being tried. This evi-
dence does not come within these exceptions. The fact that other
houses may have been burned and appellant may have participated
in them does not of itself connect the defendant with the arson
charged in the indictment under this record. A party cannot be
tried for various extraneous violations of the law in this way. He
can only be tried for the offense for which he is being prosecuted,
and not for those that are not charged against him in the particular
indictment.'' That case cites quite a number of authorities. There-
fore, we hold the court was in error in admitting.evidence of the
extraneous thefts.

The court charged the jury with reference to accomplice testi-
mony. Exceptions were reserved to this as being incomplete, and
a special charge was refused. The charge on accomplice testimony
was rather of sterotyped form. In order to convict the defendant
it was necessary for the State to prove, first, that Pullen was a prin-
cipal, and, second, that appellant advised and encouraged him to
commit the theft, and that he, appellant, was to receive the stolen
auto and pay Pullen one hundred dollars. It was, therefore, neces-
sary for the State to prove, among other things, that appellant was
an accomplice as alleged, and in the manner alleged. It would be
necessary, therefore, for the State to prove that in accordance with
the conspiracy that he, appellant, was to give or pay Pullen one
hundred dollars for the stolen car. It would be further necessary,
to corroborate Pullen in regard to the theft and the conspiracy, as
alleged, to constitute appellant an accomplice. Without discussing
the facts, we are of opinion that the corroboration as to appellant
being an accomplice is not sufficient. No witness testified to any
fact, as we understand this record, that appellant was ever to pay
Pullen one hundred dollars. In fact, the testimony is not sufficient
to corroborate Pullen, as we understand the record, as to appellant
being an accomplice. But that question is incidentally mentioned
so that upon another trial these matters may be proved if the State
has the evidence. The attack on the charge we think was justified.
It is not sufficient to charge, in cases of this character, simply that
appellant was an accomplice witness and as such be corroborated.
That was necessary, of course, both as to the theft and as to ap-
pellant being an accomplice as alleged. The court in directing the
minds of the jury as to the law should have instructed them, first
that the State must prove that Pullen was a principal and com-
mitted the theft, and that he must be corroborated in his testimony

as to that issue; second, that the State must prove that appellant was an accomplice as charged in the indictment, and in the manner charged, and that Pullen's testimony was not sufficient to prove this; that he must be corroborated as to that issue. The allegation of a party being an accomplice in crime as an offense is rather in the nature of a compound offense. Before there can be an accomplice there must be a principal, and the principal must have committed the act. There could be no accomplice to a crime until that crime has been committed by the principal. The mere agreement to commit a crime, however strong the facts may be as to that question, would not constitute the party an accomplice unless the crime was subsequently committed in pursuance to the conspiracy or agreement. That the party may be a conspirator and subject to prosecution under the conspiracy is not discussed, because the statute with reference to conspiracy provides the conspiracy is a complete and separate offense, and may be an offense whether the parties ever carried it into execution or not. A positive agreement to commit a felony constitutes a conspiracy whether the felony be afterwards executed or not; but that is not so where the party is charged as an accomplice. There must be a crime in pursuance to the agreement, and the accomplice must advise, command, or agree, or furnish means, or aid as required by the statute, in order to connect him with it. Upon another trial the court will so instruct the jury.

There are other matters involved which are of interest; among others, the application for a continuance. This may not arise upon another trial, and it is unnecessary to discuss it.

There is this general question which is noticed. The State introduced acts and conduct on the part of appellant's brother and Pullen in the absence of the defendant, and after the car had been delivered to appellant, as claimed by Pullen. We are of opinion the objections to this testimony were well taken. In order to connect the defendant with such acts and conduct, he must be in some way connected with same. These subsequent acts and statements of others would not be admissible, unless appellant was in some way a party to same, or had knowledge of, or assented thereto. This is mentioned in a general way so that it may not occur upon another trial.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*