The judgment is reversed, and the cause remanded.

---

(86 Tex. Cr. R. 291)

CONE v. STATE. (No. 5500.)

(Court of Criminal Appeals of Texas. Nov. 26, 1919.)

1. CRIMINAL LAW ☜372(5)—EVIDENCE OF EXTRANEOUS CRIMES TO SHOW SYSTEM.

In prosecution of defendant as an accomplice to the theft of an automobile, it was error to admit testimony that the principal committed the theft of perhaps as many as three additional autos at intervals covering several months, and that three of these reached defendant, on the theory of showing systematic thefts.

2. LARCENY ☜27—WHO IS AN ACCOMPLICE.

To convict defendant as an accomplice to theft of automobile charged to have been stolen by P., it is necessary to prove that P. was a principal, and that defendant advised and encouraged him to commit the theft, and that defendant was to receive the stolen automobile and pay therefor.

3. CRIMINAL LAW ☜780(3), 792(1)—INSTRUCTION ON CORROBORATION OF ACCOMPLICE.

In prosecution of defendant as an accomplice to theft of automobile, held, that jury should have been instructed that the state must prove, first, that P. was a principal and committed the theft, and that he must be corroborated as to that issue, and, second, that defendant was an accomplice as charged, and that P.'s testimony was not sufficient to prove that fact, but must be corroborated.

4. CRIMINAL LAW ☜59(5)—AGREEMENT TO COMMIT CRIME DOES NOT MAKE ONE AN ACCOMPLICE.

The mere agreement to commit a crime would not constitute one an accomplice, unless the crime was subsequently committed in pursuance to the conspiracy or agreement.

5. CRIMINAL LAW ☜59(5)—CONSPIRATOR DISTINGUISHED FROM ACCOMPLICE.

A positive agreement to commit a felony constitutes a conspiracy, whether the felony is afterwards executed or not; but, where the party is charged as an accomplice, there must be a crime in pursuance to the agreement, and the accomplice must advise, commend, or agree to furnish means or aid in order to connect him with it.

6. CRIMINAL LAW ☜424(3)—ACTS AND CONDUCT OF OTHERS INADMISSIBLE AGAINST DEFENDANT.

Acts and conduct of defendant's brother and P., the principal, in the absence of defendant, and after stolen car had been delivered to defendant as claimed by P., were inadmissible unless defendant was in some way a party to the same or had knowledge or assented thereto.

Appeal from District Court, Camp County; J. A. Ward, Judge.

Gary Cone was convicted as an accomplice to the theft of an automobile, and appeals. Reversed and remanded.

M. B. Briggs, of Gilmer, Bass & Engledow, of Pittsburg, and C. E. Florence, of Gilmer, for appellant.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted as an accomplice to the theft of an automobile.

The indictment charged that Joe Pullen committed the theft of an automobile from Ike Pitts, and that appellant prior to this theft advised and encouraged Pullen in committing the theft. Pullen testified that he entered into a conspiracy or agreement with appellant to steal automobiles, for which appellant was to pay him $100 a piece; that Pullen was to bring them to appellant; that appellant lived in Upshur county, and it seems that this contract or agreement between them was entered into in that county. Pullen testifies that he went to Mt. Pleasant in Titus county and stole an auto, which proved to be the property of Pitts; that he brought this auto to appellant and turned it over to him. The auto belonged to Pitts and was stolen by somebody, and was subsequently recovered by Pitts in Tyler, Smith county. Pullen testified further that he committed the theft of perhaps as many as three additional autos at intervals covering several months, and that three of these reached appellant; it seems the last one did not, but from the view we take of the case it is immaterial whether it did or did not reach him.

[1] Over the objection of appellant, the evidence with reference to the three other automobiles was introduced in evidence. The court signing the bill of exceptions states he permitted this on the theory that there was a general conspiracy between the parties by which Pullen was to commit theft of autos, appellant receive them, and as long as this conspiracy was pending that all thefts in accordance therewith were admissible in each case. We are of opinion that the court was in error. The matter has been before the court on various propositions and under numerous authorities. It has been held by this court that evidence of extraneous crimes may be admitted to develop the res gestæ, connect the defendant with the case on trial, or to show intent; and also it is asserted as a general proposition that such evidence may be introduced when it tends to show system. It will be observed that the authorities draw a broad distinction between the doctrine of system and systematic crime.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

This has been the subject of a number of decisions, and the question of system will not apply unless it is for some of the purposes stated. The court, speaking through Judge Henderson, discussed these matters at some length in Long's Case, 39 Tex. Cr. R. 537, 47 S. W. 363. See, also, Smith v. State, 52 Tex. Cr. R. 80, 105 S. W. 501. That case shows that it was the theory of the state that Smith and Capers entered into a conspiracy to commit the crime of arson as to different houses. Capers testified against Smith, and on the trial the court permitted testimony with reference to the arson of other houses than that charged. This court used the following language:

"These transactions were independent of the one for which this conviction was obtained. The court seemed to believe, from his qualification of the bill, that, if there was a conspiracy to burn houses, this would permit evidence of all the other cases of arson testified by Capers, on the theory of system. Where evidence of an extraneous kind is admitted, it must be to show intent to develop the res gestæ, identity of the defendant, or show system. That a party may be systematically a thief, or destroyer of houses by burning, or in the participancy or execution of a crime, does not necessarily come within the exceptions above mentioned. To prove system in order to identify a party, or to show intent, is one thing; but to prove systematic crime, or that an accused is a confirmed violator of the law, is a very different proposition. And extraneous crimes are not admissible, even under the exception to the rule, unless the testimony comes within one of the exceptions, and this to connect the defendant with the crime for which he is being tried. This evidence does not come within these exceptions. The fact that other houses may have been burned and appellant may have participated in them does not of itself connect the defendant with the arson charged in the indictment under this record. A party cannot be tried for various extraneous violations of the law in this way. He can only be tried for the offense for which he is being prosecuted, and not for those that are not charged against him in the particular indictment."

That case cites quite a number of authorities. Therefore we hold the court was in error in admitting evidence of the extraneous thefts.

[2] The court charged the jury with reference to accomplice testimony. Exceptions were reserved to this as being incomplete, and a special charge was refused. The charge on accomplice testimony was rather of stereotyped form. In order to convict the defendant, it was necessary for the state to prove, first, that Pullen was the principal, and, second, that appellant advised and encouraged him to commit the theft, and that he (appellant) was to receive the stolen auto and pay Pullen $100. It was therefore necessary for the state to prove, among other things, that appellant was an accomplice as alleged, and in the manner alleged. It would be necessary, therefore, for the state to prove that in accordance with the conspiracy he (appellant) was to give or pay Pullen $100 for the stolen car. It would be further necessary to corroborate Pullen in regard to the theft and the conspiracy as alleged, to constitute appellant an accomplice. Without discussing the facts, we are of opinion that the corroboration as to appellant being an accomplice is not sufficient. No witness testified to any fact, as we understand this record, that appellant was ever to pay Pullen $100. In fact, the testimony is not sufficient to corroborate Pullen, as we understand the record, as to appellant being an accomplice. But that question is incidentally mentioned so that upon another trial these matters may be proved if the state has the evidence. The attack on the charge we think was justified.

[3-5] It is not sufficient to charge, in cases of this character, simply that appellant was an accomplice witness and as such to be corroborated. That was necessary, of course, both as to the theft and as to appellant being an accomplice as alleged. The court in directing the minds of the jury as to the law should have instructed them, first, that the state must prove that Pullen was a principal and committed the theft, and that he must be corroborated in his testimony as to that issue; second, that the state must prove that appellant was an accomplice as charged in the indictment, and in the manner charged, and that Pullen's testimony was not sufficient to prove this; that he must be corroborated as to that issue. The allegation of a party being an accomplice in crime as an offense is rather in the nature of a compound offense. Before there can be an accomplice there must be a principal, and the principal must have committed the act. There could be no accomplice to a crime until that crime has been committed by the principal. The mere agreement to commit a crime, however strong the facts may be as to that question, would not constitute the party an accomplice unless the crime was subsequently committed in pursuance to the conspiracy or agreement. That the party may be a conspirator and subject to prosecution under the conspiracy is not discussed, because the statute with reference to conspiracy provides the conspiracy is a complete and separate offense, and may be an offense whether the parties ever carried it into execution or not. A positive agreement to commit a felony constitutes a conspiracy, whether the felony be afterwards executed or not; but that is not so where the party is charged as an accomplice. There must be a crime in pursuance to the agreement, and the accomplice must advise, commend, or agree, or furnish means, or aid as required by the statute, in order to connect him with it. Upon another trial the court will so instruct the jury.

There are other matters involved which are of interest; among others, the applica-

tion for a continuance. This may not arise upon another trial, and it is unnecessary to discuss it.

[6] There is this general question which is noticed. The state introduced acts and conduct on the part of appellant's brother and Pullen in the absence of the defendant, and after the car had been delivered to appellant, as claimed by Pullen. We are of opinion the objections to this testimony were well taken. In order to connect the defendant with such acts and conduct, he must be in some way connected with same. These subsequent acts and statements of others would not be admissible, unless appellant was in some way a party to same, or had knowledge of or assented thereto. This is mentioned in a general way so that it may not occur upon another trial.

For the reasons indicated, the judgment is reversed, and the cause remanded.