LYLE McGOWAN v. THE STATE.

No. 13908.   Delivered February 18, 1931.

The opinion states the case.

*Art Schlofman,* of Dalhart, and *L. N. Taylor,* of Clayton, N. M., for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The conviction is for burglary and the punishment was assessed at five years in the penitentiary.

The store house of George W. Vaughn in which was situated a post office was burglarized. The knob and combination to the safe in the post office was broken off and something like $100.00 was taken therefrom. Registered letters were torn open and such money therein, if any, was taken. Also five or six pads of money order blanks and other items used in the post office were taken. Benton Walker, an admitted accomplice, testified that the appellant and one Hester French, together with him, committed the offense and testified to a conspiracy to commit the burglary by said three persons having been entered into. The accomplice testified that while the others entered the place and robbed it, that he stood watch while the offense was being committed. According to the testimony of the accomplice, considerable preparation was made to commit the offense and a series of acts were done so as to lay a predicate for an alibi in defense of the crime. The accomplice testified that after the offense was committed they went into the State of Colorado and there divided the proceeds.

Appellant's bill of exception No. 6 complains of the failure of the court to sustain his objection to the testimony of the admitted principal, Benton Walker, to the effect that on the night of the burglary of

the post office by the appellant, Hester French and said witness, they also pried open a window of the office of the Big Joe Lumber Company and that there was no money there and that they did not take anything, and also to the testimony of said witness that the three of them had also broken into the Sells Hardware Store sometime previous to the burglary of the post office. The appellant objected to said testimony because it was a separate offense and not the offense for which the appellant was now on trial, proved no issue in the case, was prejudicial, irrelevant, immaterial and did not prove or tend to prove any system, intent or fact in this cause for which the appellant was on trial. The Court overruled said objections and permitted said testimony to go to the jury unlimited, to which appellant duly excepted.

In the admission of said evidence we are of the opinion that the Court was in error. There was no evidence offered except the evidence of the admitted accomplice tending to connect the appellant with either of said burglaries. It has been held by this Court that evidence of extraneous crimes may be admitted to develop the res gestae, to connect the defendant with the case on trial, or to show intent. Also it is asserted as a general proposition that such evidence may be introduced when it tends to show system, but the authorities draw a distinction between the doctrine of system and systematic crime. The question of system will not apply unless it is for some of the purposes stated. Cone v. State, 86 Texas Crim. Rep., 291, 216 S. W., 190; Long v. State, 39 Texas Crim. Rep., 537, 47 S. W., 363; Smith v. State, 52 Texas Crim. Rep. 80, 105 S. W., 501; Hunt v. State, 89 Texas Crim. Rep., 89, 229 S. W., 869.

In the case of Smith v. State, supra, it appeared that it was the theory of the State that Smith and Capers entered into a conspiracy to commit the crime of arson as to different houses. Capers testified against Smith and on the trial the Court permitted testimony with reference to arson as to other houses than that charged. This court, in passing upon this question, used the following language: "These transactions were independent of the one for which this conviction was obtained. The Court seemed to believe, from his qualification of the bill, that if there was a conspiracy to burn houses, that this would permit evidence of all the other cases of arson testified by Capers on the theory of system. Where evidence of an extraneous kind is admitted, it must be to show intent to develop the res gestae, identity of the defendant or show system. That a party may be systematically a thief, or destroyer of a house by burning, or in the participancy or execution of a crime, does not necessarily come within the exceptions above mentioned. To prove system in order to identify a party, or to show intent, is one thing, but to prove systematic crime, or that an accused is a confirmed violator of the law is a very different proposition. And extraneous crimes are not

admissible, even under the exception to the rule, unless the testimony comes within one of the exceptions and this to connect the defendant with the crime for which he is being tried. This evidence does not come within these exceptions. The fact that other houses may have been burned, and appellant may have participated in them, does not, of itself, connect the defendant with the arson charged in the indictment under this record."

This evidence as to said extraneous crimes was of a material character and in our opinion prejudicial to the accused. The jury assessed the punishment at five years in the penitentiary and we are unable to say what effect this testimony had upon the jury in fixing said punishment and if doubt is entertained as to whether it was prejudicial or not, it should be resolved in favor of the accused. Hunt v. State, 89 Texas Crim. Rep., 89, 229 S. W., 869; Barth v. State, 39 Texas Crim. Rep., 381, 46 S. W., 228; Henard v. State, 46 Texas Crim. Rep., 90, 79 S. W., 810; McCandless v. State, 42 Texas Crim. Rep., 58, 57 S. W., 672.

Appellant's bills of exception Nos. 1 and 5 are to the refusal of the Court to give the jury instructions to find the appellant not guilty based upon the ground that the State failed to produce and offer evidence corroborating the evidence of the accomplice Benton Walker. Considering all the evidence offered by the State, we think there was sufficient evidence corroborating the accomplice connecting the accused with the offense charged to warrant the issue of corroboration being submitted to the jury.

Appellant's Bill of Exception No. 3 complains of the refusal of the trial court to give a requested charge on circumstantial evidence. The testimony of the accomplice in this case having made a clear case by direct evidence, the charge on circumstantial evidence by the Court was not required, although the direct evidence only came from the accomplice. Wampler v. State, 28 Texas App., 352, 13 S. W., 144; Thompson v. State, 33 Texas Crim. Rep., 217, 26 S. W., 198; Perry v. State, 69 Texas Crim. Rep., 644, 155 S. W., 265.

Appellant's Bill of Exception No. 4 complains of the action of the trial court in admitting testimony to the effect that the accomplice pointed out some place where he thought the money orders stolen were hidden. This bill of exception is in question and answer form and contains remarks of the Court and the attorneys and is not accompanied by a certificate of the trial judge showing the necessity therefor in order to elucidate the facts or questions involved and therefore cannot be considered. Salinas v. State, 113 Texas Crim. Rep., 142, 18 S. W. (2d) 663; Kelly v. State, 112 Texas Crim. Rep., 514, 17 S. W. (2d) 460; Lindley v. State, 112 Texas Crim. Rep., 468, 17 S. W. (2d) 47.

It is not necessary to discuss appellant's bill of exception No. 2 com-

plaining of the failure of the trial court to grant the continuance asked for because that will not likely appear on another trial.

For the error pointed out, the judgment of the trial court is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.