### J. L. McElreath v. The State.

No. 15285. Delivered October 26, 1932.
State's Rehearing Denied November 23, 1932.
Reported in 54 S. W. (2d) 119.

The opinion states the case.

*Davenport & Crain,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for receiving and concealing stolen property; punishment, four years in the penitentiary.

We deem it necessary to notice but two propositions involved in this appeal. The record shows that after proving the theft of the alleged stolen car in Dallas, and that same was found in the possession of appellant in Wichita Falls, and that same was by him and another transferred, the state proceeded to introduce testimony showing the theft by appellant of two other cars from other people than the owner of the alleged stolen car in this case, the two last-mentioned cars being taken from different owners and at different times and places. Objection to this testimony was preserved by proper bill of exception. There seems little need for discussing the question of its admissibility. This court has many times held it erroneous to pursue such course in a trial. The most recent case is that of McGowan v. State, 117 Texas Crim. Rep., 74, 36 S. W. (2d) 156, in which reference is made to many earlier authorities.

There is no claim that the testimony above referred to was introduced by the state in its rebuttal as meeting and overcoming a claim on the part of the appellant of an acquisition of the property in some honest manner. Said testimony was introduced as part of the state's main case. The principles involved are discussed in the various cases refererd to, and we think it unnecessary to here discuss them further.

Over objection the state was permitted to introduce a number of dealers in used cars who testified to their several methods of investigating the questions of title and ownership when used cars were offered to them by purported owners, especially when such purported owner was a stranger to the witness. The manifest purpose of this testimony was to reflect upon the character of dealing in similar transactions on the part of appellant. We are of opinion the testimony was improperly admitted. That some dealers under similar circumstances were more cautious, or that they used methods different from those used by the party under investigation or upon trial, would appear incompetent as showing or tending to show the criminality of the accused, as an inference from use of a different method by him in ascertaining ownership and title to used cars bought by him from persons unknown from the methods of these witnesses.

For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*