JIM EZELL V. THE STATE.

No. 20100.   Delivered January 25, 1939.

The opinion states the case.

*Wilkinson & Wilkinson,* of Mount Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of whisky in a dry area for the purpose of sale; the punishment, a fine of $100.00.

Officers went to a filling station owned by appellant's son and searched for intoxicating liquor. Appellant was the only

person present at the station. The officers found two and one-half pints of whisky back of a counter in the station.

Appellant testified as follows: "I am the defendant in this case and heard the testimony of Mr. V. L. Delaney. The premises that he searched belonged to my son, J. N. Ezell. The pint bottle that he found about half full of whisky was mine. Me and a negro had been fishing and drank about half of a pint and when we got back I set the bottle where Mr. Delaney found it. I know nothing about the two full pints that he found with unbroken seals. They did not belong to me and I did not know they were there until he found them. They were not mine and I know nothing about them."

The court failed to submit an instruction covering appellant's defense that he had no knowledge that two pints of the whisky were in the station and was not in possession of same. Appellant excepted to the charge for the failure to submit such issue, and presented a correct requested instruction affirmatively presenting his defense. There was no proof before the jury that appellant had sold any of said whisky or offered to sell same. If the jury had believed that appellant was in possession of only the half pint of the whisky found by the officers and was exercising no care, custody or control over the two full pints it would have been their duty to have returned a verdict of not guilty. In short, the statutory provision relative to possession of more than a quart of whisky in a dry area being prima facie evidence of possession for the purpose of sale would not have been applicable. It would follow that if appellant did not own the two pints of whisky in question and exercised no care, custody or control over them, he was entitled to an acquittal. Hence the requested instruction should have been read to the jury.

In view of another trial, it is suggested that appellant's requested charges two and three, as shown in the transcript, should also be read to the jury.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.