## FRANK SMITH V. THE STATE.

No. 20981. Delivered May 8, 1940.

The opinion states the case.

*Jesse E. Roach,* of Greenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the County Court of Rockwall County upon a complaint and information alleging the unlawful possession for the purpose of sale in a dry area an alcoholic beverage containing alcohol in excess of one-half of one per cent by volume and not more than four per cent by weight. His punishment was assessed at a fine of $100.00.

On the 29th day of September, 1939, two inspectors for the Liquor Control Board, in company with the County Attorney of Rockwall County, armed with a search warrant, entered the premises of the appellant, known as Smith's Cafe, in Royse City, and recovered thirty cans of Black Dallas and Pabst beer. According to the testimony of one of the inspectors, eight cans of the beer were "iced down" in a bucket or foot tub arrangement under a Coca-Cola box in the front part of the cafe; three cans were found in the back in an ice box and eighteen cans were found under the counter in a little compartment. On cross-examination the witness said that there were "twenty-one cans of Pabst and nine of Black Dallas."

Robert Mers, a chemist for the Texas Liquor Control Board, testified that he analyzed one can each of the Black Dallas and Pabst beer which had been delivered to him personally by the two inspectors in question. From his testimony we quote: "As a result of my analysis, the Pabst beer showed the per centage of alcohol by volume to be 4.25 and by weight 3.40; the Black Dallas showed percentage of alcohol by volume to be 4.15; by weight, 3.32."

An employee claimed a part of the beer as his own. Appellant denied having sold any beer, but claimed he drank it under the direction of his physician. His wife also was a constant user of the beverage and their appetites differed. One brand found there was for himself and the other for the wife.

The appellant testified upon the trial and said that he was convicted about a year previous to the present transaction for having beer in his possession for the purpose of sale. He explained his possession of the beer with the statement that he had been drinking beer for thirteen or fourteen years upon orders from his doctor; that the malt and yeast in the beer kept him from being constipated, and flushed his kidneys, which caused his rheumatism. He testified that he never sold any beer, but kept it only for his own use; that on the day of the alleged search, he had twenty-one cans in his possession; that the extra nine or ten cans found on his premises were placed there without his knowledge and consent. Appellant also testified that he bought "near-beer" for his wife; that the Black Dallas beer was purchased for himself and the Pabst for his wife.

One of appellant's main contentions for reversal of the case is founded upon the overruling of his motion for continuance. We have examined this motion and conclude that it presents matters within the sound discretion of the trial court and we are unable to see from the record that he abused this discretion in overruling the motion.

Appellant's bill of exception number three is without merit, as is his bill of exception number five.

An employee of appellant testified that he placed ten cans of the beer in question in the house without the knowledge of appellant. Appellant testified he did not know this beer was on the premises and that it did not belong to him. This raised an affirmative defense which the court was requested to present in an affirmative manner in his charge. This the trial court refused to do. We think appellant was entitled to a charge similar to that requested, properly presenting the issue raised

by this evidence. Ezell v. State, 124 S. W. (2d) 146, with authorities there cited.

The other bills of exception are overruled.

For the error stated, the cause is reversed and remanded for a new trial.