## WYATT HANKS v. THE STATE.

No. 4432.　Decided February 24, 1909.

**1.—Receiving Stolen Property—Evidence—Other Transactions.**

See opinion for evidence of another theft held to be admissible. Davidson, Presiding Judge, dissenting.

**2.—Same—Charge of Court—Accomplice—Corroboration.**

Upon trial for receiving stolen property where the State relied upon accomplice testimony the court erred in failing to charge the jury that such testimony must be corroborated, both in respect to the theft and as to the receiving of the stolen property; that the accomplice can not corroborate himself, and that the jury must believe his testimony to be true.

Appeal from the County Court of Callahan. Tried below before the Hon. C. D. Russell.

Appeal from a conviction of receiving stolen property; penalty, a fine of $500 and one year confinement in the county jail.

The opinion states the case.

*Otis Bowyer* and *F. S. Bell,* for appellant.—On question of admitting testimony of other offense: Martin v. State, 36 Texas Crim. Rep., 125; 35 S. W. Rep., 976; Carter v. State, 23 Texas Crim. Rep., 508; Wyatt v. State, 55 Texas Crim. Rep., 73, 114 S. W. Rep., 812.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Hanks was charged with receiving and concealing property that had theretofore been acquired by theft by Math Gardner and Tom South which is alleged to have been the property of J. C. Burleson. A sufficient statement of the facts in this case will be found in No. 4394, Gardner v. State, this day decided, in so far as the theft is concerned. Hanks took the stand in his own behalf and denied the evidence of South in regard to receiving any property, and stated that if any property was found in his house it was placed there without his knowledge and consent and in his absence and he had no knowledge of the fact that it had been placed in his house. The house was not his residence but an outhouse on his place.

The evidence in regard to the theft of Mason's cotton went before the jury and appellant reserved an exception, and further made a motion to exclude the testimony which was overruled. The majority are of opinion that these exceptions should not have been sustained. The writer believes the exceptions are well taken.

The following special charge was requested: "The jury are charged that, though they may find that Math Gardner and Tom South did steal Burleson's cotton on the 14th day of October, 1907, yet that alone will not justify them in finding the defendant Wyatt Hanks guilty of the offense of receiving and concealing said cotton, unless they believe beyond a reasonable doubt from all the evidence adduced that the evidence of the witness Tom Smith, is sufficiently corroborated as to the concealing and receiving said cotton by said defendant Wyatt Hanks, on October 14, 1907." The court charged the jury in a general way in regard to accomplice's testimony, but

failed to instruct the jury that they must believe the testimony of said accomplice in order to convict. This was called to the court's attention, exception reserved and a special charge requested, as follows: "You are charged as part of the law of this case that you can not convict defendant upon the uncorroborated testimony of Tom Smith. Before you would be authorized to convict upon his testimony it is necessary for him to be corroborated upon both theft of said cotton and also the act of receiving and concealing said cotton after it was stolen. And in this connection the court further instructs you that no act, statement or declaration made by said Tom Smith subsequent to the alleged theft and the alleged receiving and concealing said cotton can be considered by you as corroborating his testimony. The court instructs you that said corroboration is absolutely essential to a legal conviction, that although the jury might believe the testimony of Tom South to be true, still they can not convict, unless they further believe that there is other testimony outside of Tom South's testimony tending to connect defendant with the commission of the offense charged." This charge should have been given. It is a correct proposition that Tom South should be corroborated, both in respect to the theft and as to the receiving of the stolen property, and it is also a correct proposition that no statement or declaration made by Tom South can corroborate his testimony. The accomplice can not corroborate himself, and it is further a correct proposition that the jury must believe the testimony of Tom South to be true before a conviction can be had.

For the reasons indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*