### A. W. JOLLY v. THE STATE.

No. 18739.   Delivered March 10, 1937.

The opinion states the case.

*L. E. Keeney,* of Texarkana, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of receiving and concealing stolen property, and his punishment was assessed at confinement in the State penitentiary for a term of two years.

It appears from the testimony adduced by the State that appellant made an agreement with Frank Fields and A. B. Bohanan to purchase from them any cattle which they might steal; that on or about the first day of November, 1935, A. B. Bohannan stole a cow from Charlie Daniels, tied her in a little thicket approximately four miles from the town of De-Kalb, and then went to town and told Frank Fields about it. Fields and Bohanan went to appellant's office and advised him that they had the cow tied near the old mill site about one-half of a mile from highway number eleven and requested him to go with them to get the cow, which he agreed to do as soon as his trailer was repaired; that after dark appellant, Fields, Bohanan, and Punk Wise drove out to where the cow was tied, loaded her into the trailer, carried her out to appellant's pasture near said town, and on Tuesday appellant took her, with some other cattle, to Dallas and sold her. Appellant who testified in his own behalf denied that at the time he purchased the cow that he knew it was stolen property.

Appellant urged a number of objections to the court's instruction on accomplice testimony; one was that the court failed to instruct the jury that one accomplice cannot be corroborated by another accomplice. Fields and Bohanan were the principal witnesses offered by the State. We are of the opinion that he was entitled to such an instruction and the court should have reformed his charge so as to have met the objection. See Lightfoot v. State, 80 S. W. (2d) 984. In charging on the law applicable to the facts in this case the court should instruct the jury that unless they believed from the evidence beyond a reasonable doubt that the cow in question was stolen and that defendant received and concealed her "knowing" her to have been so acquired, to acquit him.

In view of another trial we deem it proper at this time to direct the court's attention to the fact that Frank Fields made a complete case of theft of the cow against Bohanan while testifying for the State. In the same connection he also testified to facts, if true, which sustained appellant's defense against the charge of receiving and concealing stolen property. In prosecutions of this nature the accomplice or accomplices must be corroborated, both as to the theft of the property and the receiving and concealing thereof. Therefore, in case the testimony is the same upon another trial, a proper instruction on the law with reference thereto should be given. See Poon v. State, 48 S. W. (2d) 307, and authorities there cited.

We do not deem it necessary to discuss any of the other matters complained of as they may not arise upon another trial.

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.