H. C. WRIGHT V. THE STATE.

No. 21064. Delivered May 8, 1940.

The opinion states the case.

*Willis & Via* and *John F. Studer*, all of Pampa, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is the unlawful and fraudulent reception of stolen property. The punishment assessed is confinement in the State penitentiary for a term of two years.

The only question presented by this record which we deem necessary to discuss is the sufficiency of the evidence to establish the theft of the property alleged to have been received and con-

cealed. It appears from the record that on or about the 28th day of November, 1938, L. S. Dixon owned a red white-faced cow weighing approximately 1,100 pounds and branded with an anchor on the right hip. This cow was a "fence breaker" and Dixon, with a view of keeping her confined within his premises, had placed a yoke on her neck to prevent her from going through the fences, but notwithstanding this, she managed to get into the Dickenson pasture or field, of which Albert Daily was in possession at the time. Dixon saw his cow in the Dickenson pasture or field and made arrangements with Daily for the cow to remain there until he, Dixon, came after her. This cow disappeared from the Dickenson premises but about the 12th day of December she was found on Myers' premises.

J. P. Rogers testified on behalf of the State that about Thanksgiving Day in the year 1938, he and Roy Roper went to the Dickenson Place to get a horse which belonged to Bill Erts; that at the Dickenson Place they found Allen Daily; that while there they drove a red white-faced cow, weighing about 1,100 pounds and branded on the left hip with some brand which they could not decipher, into the corral and then placed her in a barn and locked the doors. They then loaded Erts' horse into a truck and the three boys went back to the town of Darrouzett, and from there Rogers delivered the horse to Erts. Rogers, Roper and Daily went back to the Dickenson barn about night time and loaded the cow in a pick-up and brought her to town; that after reaching town, Daily and Roper got out of the truck and Rogers drove away with the cow. He took her to the appellant's premises and there unloaded her. Appellant came out to the barn with a flashlight and they both made an examination of the brand on the cow but could not decipher it. This was a brand on the left hip. Rogers testified that appellant asked him how much he wanted for the cow, to which he, Rogers, replied forty dollars, but appellant declined to purchase her at that price. A day or two later Rogers went back to the appellant's home, at which time appellant offered him thirty dollars for the cow, which sum was accepted by Rogers and for which amount appellant handed him a check which Rogers immediately took to the bank and deposited it. It further appears from the record that Rogers did deposit thirty dollars in the bank on the 3rd day of December, 1938.

Daily and Roper both testified to the theft of the cow but neither one knew to whom Rogers had sold her, if in fact, he had sold her to any one. No other fact or circumstance to corroborate the thieves as to the stealing of the cow or the sale and

delivery thereof to the appellant was introduced. No one seems to have seen the self-confessed thieves or the appellant in possession of the cow.

It is obvious that the State relied for a conviction upon the testimony of the accomplices, or rather the accomplice Rogers. It is a well-established and recognized rule in this State that upon the trial of a person charged with receiving stolen property, where the State relies upon the testimony of an accomplice witness, it is essential to a conviction that there be corroboration of such testimony, both as to the theft of the property and the acquisition thereof by the accused with knowledge of the theft.

In the case of Hanks v. State, 55 Texas Cr. R. 405, (in fact p. 407), Judge Davidson made the following statement: "It is a correct proposition that Tom South should be corroborated, both in respect to the theft and as to the receiving of the stolen property, and it is also a correct proposition that no statement or declaration made by Tom South can corroborate his testimony."

In the case of Poon v. State, 120 Texas Cr. R. 522, this Court, in discussing the necessity of corroborating an accomplice witness, used the following language: "The charge failed to advise the jury that the accomplice witness should be corroborated both as to the theft and as to the receiving of the stolen property." See Johnson v. State, 42 Texas Cr. R. 440; Clark v. State, 131 Texas Cr. R. 1.

This being a well-recognized rule in this State, it was necessary for the State, in the instant case, not only to corroborate the accomplice as to the reception of the stolen property by appellant with knowledge that it was stolen but also to corroborate the accomplice witness as to the theft of the property. So far as this record shows, outside of the testimony of the accomplice, the appellant never was in possession of the cow; nor is there any evidence outside of that of the accomplice that the cow was ever stolen. Therefore, the conviction in this case cannot stand.

There are some other matters in the case which present some serious questions, but we do not deem it necessary to discuss them in view of the disposition we are making of this case.

Having reached the conclusion that the evidence is insufficient to sustain the conviction, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.