ED KOSEL V. THE STATE.

No. 21238. Delivered November 13, 1940.

The opinion states the case.

*Byron Skelton* and *Henry Taylor,* both of Temple, for appellant.

*Jas. K. Evetts,* District Attorney, of Belton, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted by the jury and sentenced to serve two years in the State prison for knowingly receiving and concealing stolen property.

The store of Will Evans at Prairie Dell, in Bell County, was burglarized and a large quantity of goods such as are usually kept in a general merchandise store was taken therefrom. Soon thereafter the peace officers, in company with Mr. Evans, recovered a large amount of these goods at the store of appellant in Falls County, and appellant told them that he had purchased these goods from Elmer (Preacher) Ellis and a companion, and had paid them therefor about $15.00 and forty-seven half pints of whisky. This transaction occurred somewhere between 11 o'clock p. m. and 2 o'clock a. m.

Elmer (Preacher) Ellis was an inmate in the penitentiary, serving a term therein for this alleged burglary, and he testified relative to the burglary, as well as to the sale of these stolen goods to appellant, and in his testimony he stated that he told appellant that these goods were "hot," and that he had previously had an agreement with appellant to obtain goods outside of Falls County and bring them to appellant who would buy them.

The witness Ellis was an accomplice, and the trial court so charged the jury, giving an approved charge thereon, generally instructing the jury that the testimony of Ellis should be corroborated as to the offense committed before the same could be utilized to predicate a conviction thereon. This charge was properly and timely objected to because it failed to instruct the jury that it was necessary that the testimony of Ellis, the accomplice, be corroborated both as to the theft of the goods as well as the receiving thereof by appellant, knowing the same to have been stolen. The trial court failed to respond to this

exception and merely charged the usual and customary charge on accomplice testimony that requires, in substance, corroboration of the accomplice's testimony of "the offense committed."

It will be observed that there are here presented the elements of two offenses, that is, a burglarious acquisition of certain goods so that same comes within the meaning of the term theft, and the knowingly receiving and concealing of such goods by appellant. The accomplice testified to both of such elements of the offense committed, and the court should have charged the jury that his testimony should of necessity have been corroborated in each constituent element of this offense.

In the case of Johnson v. State, 60 S. W. 667, we said: "In order to make out the crime of receiving stolen property knowing it to have been stolen, it is necessary to show that a theft has been committed, and subsequently the party who is charged with receiving the property, knowing it to have been stolen, did so receive it. Where the testimony of the principal is used, his testimony must be corroborated both as to the theft and the receiving of the property by the party who is charged with that offense; otherwise, the conviction would not be justified."

Again it is said in the case of Poon v. State, 48 S. W. (2d) 307: "The court charged the jury that Mendez and Stone were accomplice witnesses, and gave the customary instruction touching the necessity of corroboration. The charge failed to advise the jury that the accomplice witnesses should be corroborated both as to the theft and as to the receiving of the stolen property. Appellant timely and properly excepted to the charge for its failure to so instruct the jury. The charge should have been amended. Hanks v. State, 55 Tex. Cr. R. 405, 117 S. W. 149; Brewer v. State, 93 Tex. Cr. R. 213, 246 S. W. 663; Bloch v. State, 81 Tex. Cr. R. 1, 193 S. W. 303; Johnson v. State, 42 Tex. Cr. R. 440, 60 S. W. 667."

Again we quote from Wright v. State, 139 S. W. (2d) 825: "It is obvious that the State relied for a conviction upon the testimony of the accomplice, or rather the accomplice Rogers. It is a well-established and recognized rule in this state that upon the trial of a person charged with receiving stolen property, where the State relies upon the testimony of an accomplice witness, it is essential to a conviction that there be corroboration of such testimony, both as to the theft of the property and the acquisition thereof by the accused with knowledge of the theft."

While we think the corroborating testimony was amply sufficient, nevertheless it was the trial court's duty under these decisions to have charged the jury relative to the necessity of such corroboration as to both phases of this case, which matter was timely and properly called to the court's attention, and for the failure to do so this judgment is reversed and the cause remanded.