### ED KOSEL V. THE STATE.

No. 21908. Delivered February 11, 1942.
Rehearing Denied March 25, 1942.

The opinion states the case.

*Henry Taylor*, of Temple, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was given two years in the penitentiary on a charge of receiving and concealing stolen property. This is the second appeal, (See 144 S. W. (2d) 543, and 140 Tex. Crim. Rep. 257.)

The facts are sufficiently stated in the former opinion and the question presented for our consideration is very similar to that for which the case was reversed. It is here contended, however, that while the court gave a charge as directed in the former opinion, it is not sufficiently clear and intelligible to present the issue to a jury. The law of the case was properly stated in the former opinion and no issue is taken on the question of law by the appellant, the complaint being that the language was insufficient.

We find ourselves unable to agree with the contention made in the oral argument and in the brief. A discussion of the language would not, in our opinion, be of value. It is sufficient to say that the court definitely instructed the jury that they must find that the accomplice witness was corroborated both in his statement that the appellant received the stolen property, knowing it was stolen, and that the original offense of theft was committed. We copy the following quotation from the court's charge on the subject of corroboration, which, in our opinion, clearly ties the charge to the issue:

"* * * * that is that the personal property in question herein had been acquired by Elmer (Preacher) Ellis and Eugene Vick

under circumstances constituting such acquisition theft, as hereinbefore defined to you, if it was, and that the defendant thereafter fraudulently received and concealed the said property from the said Ellis and Vick, knowing at the time he so received it, if he did, that it had theretofore been acquired by said Ellis and Vick by theft, if it was."

We find other language in the charge consistent with the foregoing which, at considerable length, presents the issue to the jury in a manner which could not be misunderstood.

Finding no error in the appeal, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant insists that the trial court was in error wherein it failed to charge that not only should the testimony of the accomplice be corroborated as to the theft of the alleged stolen property, but that such accomplice's testimony should be corroborated as to the appellant receiving and concealing same, knowing same to have been stolen. The portion of the charge quoted in the original opinion was immediately preceded by the following excerpt, after stating that the witness Ellis was an accomplice:

"You are instructed in this connection that you cannot convict the defendant upon his (the accomplice's) testimony unless you first believe that his testimony is true and shows beyond a reasonable doubt that the defendant is guilty of the offense charged in the indictment, and even then you cannot convict the defendant upon his testimony unless you further believe that there is other evidence in the case outside of, other than and independent of the said accomplice witness Elmer (Preacher) Ellis and corroborative thereof, tending in some material matter to connect the defendant with the offense committed, if any," the remaining portion of such paragraph being that quoted in the original opinion.

We think that such paragraph meant that not only must the fact of theft, as testified to by the accomplice, be corroborated, but also the fact of guilty knowledge upon appellant's part at the time he received and concealed such property should receive corroboration.

The motion will be overruled.