## TOM JOHNSON V. THE STATE.

No. 22158. Delivered June 10, 1942.

Rehearing Denied (Without Written Opinion) October 14, 1942.

The opinion states the case.

*Mahan & Broughton,* of Childress, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Receiving and concealing stolen property is the offense; the punishment, three years in the State penitentiary.

It was the State's position, and it so charged, that there were stolen, in Dickens County, on December 18th, 1940, at the same time, and as one transaction, three head of cattle, two of these belonging to E. S. Lee and the other to Burnett Haney; that appellant, knowing the cattle to have been so acquired, received and concealed them, from B. K. Collins, in Childress County, to which county they had been carried by the thief.

In view of the disposition we make of this case, an extended statement of the facts is not deemed called for. It is sufficient to say that, to show the constituent elements of the offense charged, that is, the theft of the cattle and the subsequent receipt thereof by the appellant, with knowledge that they had been so acquired, the State depended, primarily, upon the testimony of B. K. Collins, the thief who stole the cattle, and by and through whom the theft of the cattle, as also the delivery thereof to the appellant, was shown. The witness was an accomplice— not only by reason of his own admissions, but also because of the fact that he had been charged with, tried for, and convicted of, the theft of the cattle, and, at the time of the giving of his testimony, was a convict in the State penitentiary.

The trial court recognized the necessity for a charge on accomplice testimony and gave the following:

"You are instructed that the witness, B. K. Collins, is an accomplice. Now, you can not convict the defendant upon the

testimony of B. K. Collins unless you first believe that his testimony is true and shows the guilt of the defendant as charged in the indictment, and even then you can not convict the defendant upon said testimony unless you further believe from the evidence, beyond a reasonable doubt; that there is other testimony in the case corroborative of said accomplice's testimony tending to connect the defendant with the offense charged; and the corroboration is not sufficient if it merely shows the commission of the offense charged, but it must tend to connect the defendant with the commission, if any. And before you can convict the defendant at all you must believe from all the evidence in the case beyond a reasonable doubt that the defendant is guilty of the offense charged; otherwise, you will acquit him."

This charge followed approved precedent, and, ordinarily, would be deemed a sufficient application of the law requiring corroboration of an accomplice witness. Quinn v. State, 123 S. W. (2d) 890, 136 Tex. Cr. R. 131. However, such a charge is insufficient in a case of receiving and concealing stolen property, when the two essential elements of that offense, that is, the theft of the property and the receipt thereof by the accused, are shown by the testimony of the accomplice. In such cases, it is necessary that the accomplice be corroborated both as to the theft and the receipt of the stolen property by the accused knowing it to have been so acquired, and that the charge on accomplice testimony should be so framed. Kosel v. State, 144 S. W. (2d) 543, 140 Tex. Cr. R. 257; also 159 S. W. (2d) 870. The charge in the instant case did not meet this requirement. A sufficient exception was reserved to call the trial court's attention to this defect in the charge.

It is insisted that the facts are insufficient to corroborate the accomplice. Upon this we express some doubt, especially as to the sufficiency of the corroboration to show knowledge on the part of appellant that the cattle were stolen when received by him. However, in view of the fact that the case is to be reversed for the error in the charge, we refrain from determining that question now.

The indictment was sufficient, and appellant's motion to quash was properly overruled.

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.