### JOHN SANDERS V. THE STATE.

No. 22183. Delivered June 17, 1942.
Rehearing Denied October 14, 1942.

The opinion states the case.

*Mel Janes,* of Lubbock, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for receiving stolen property, punishment sixty days in jail and fifty dollar fine.

Appellant was charged by complaint and information with receiving from Thomas Blakeway an "automobile wheel, complete with tire and tube" knowing the same to have been acquired by theft. The property was alleged to be the property of Arthur Brown.

The State used Blakeway as a witness. He testified that about December 15, 1941, he and his brother-in-law, Buster Hugo, stole six tires, wheels and tubes, and that witness sold them to appellant, telling him at the time they had been stolen, and that he would have to be careful. About February 2 or 3, 1942, an officer went with Brown and others to appellant's place of business and the officers told appellant they were looking for stolen tires and wanted to search his place. He consented, and gave the officer the key to a room which was filled with automobile wheels and some tires and tubes. Brown identified his wheel among those found in the room. Mr. Meachem also identified a wheel which had been stolen from him about the same

time Brown's wheel had been stolen. The State rested its case without further proof, whereupon, appellant's attorney by written motion requested the court to instruct a verdict of not guilty, one ground of which was that the State had "wholly failed to corroborate the testimony of the accomplice." The motion was overruled. It should have been sustained.

It is not an open question that when the State relies on the testimony of the thief in a prosecution for receiving the stolen property the thief must be corroborated both as to the theft and the receiving by accused from the thief, with knowledge that the property had been stolen.

We cite only Colley v. State, 140 Tex. Cr. R. 34, 143 S. W. (2d) 597; Wright v. State, 139 Tex. Cr. R. 255, 139 S. W. (2d) 824; Clark v. State, 131 Tex. Cr. R. 1, 95 S. W. (2d) 1309; Kosel v. State, 140 Tex. Cr. R. 257, 144 S. W. (2d) 543. Many other cases will be found cited in those mentioned.

The judgment is reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING.

KRUEGER, Judge.

The County Attorney of Hall County who represented the State on the trial of this case has filed a motion for a rehearing in which he asserts that this court erred in holding that the self-confessed thief was not corroborated as to appellant's knowledge that the property which he purchased from the thief was stolen property. He claims the evidence shows that appellant purchased from the thief, for the sum of $25.00, property which, at the time, was worth $125.00, and that this fact was sufficient corroboration of the testimony of the thief that he advised appellant that the property was stolen. We have reviewed the statement of facts with great care but do not find a word or sentence therein which would indicate what the actual market value was. The only evidence which we find in the record relating to value is that of Arthur Brown who testified that the fair market value of the tire and wheel taken from his car was $25.00. There is not any evidence as to the value of the other property received by appellant or as to whether or not it had any market value. The record shows that appellant paid the thief $26.00 or $27.00 for the property, but whether or not this was such a low price that it would put an ordinary prudent person on notice that the property was stolen is not

disclosed by the record. If he adduced such evidence on the trial of the case as to the market value of the other property, it does not appear in the record, and we are bound by what appears therein.

Being convinced that the case was properly disposed of on the original submission, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.