**James Wayne CAGLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47588.**

Court of Criminal Appeals of Texas.

Feb. 27, 1974.

Dan R. McCormack, Dallas, for appellant.

Henry Wade, Dist. Atty., John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for the offense of being an accomplice to the offense of receiving and concealing stolen property; the punishment, imprisonment for two years.

In one ground of error the appellant urges the Court erred in refusing to submit to the jury a proper charge on the law of accomplice testimony. See Article 38.14, Vernon's Ann.C.C.P.

The indictment charges that Albert Ross committed the offense of receiving and concealing stolen property and further al-

leges that James Wayne Cagle "did unlawfully advise, command and encourage the said Albert Ross to commit the said offense the said James Wayne Cagle not being present at the commission of the offense by the said Albert Ross."

Ross testified that he had been charged with the offense of receiving and concealing the stolen property and his testimony fully implicated the appellant as an accomplice. The Court instructed the jury that Ross was an accomplice witness as a matter of law. This case may be confusing in that Ross, the principal actor in the offense of receiving and concealing stolen property, is the accomplice witness to the substantive offense of being an accomplice to the receiving and concealing of stolen property here charged against the appellant.

The appellant requested and the Court refused to charge the jury that the testimony of the accomplice witness Ross must be corroborated both as to the appellant's having advised, commanded and encouraged him to commit the offense, and also as to the fact that he (Ross) did receive and conceal the stolen property.[1] The State relied upon the testimony of the accomplice witness Ross to prove not only that Ross received and concealed the stolen property, but also that the appellant did advise, command and encourage Ross to commit the offense of receiving and concealing stolen property. The Court's refusal to charge the jury on corroboration of the accomplice witness as requested was reversible error.

The "usual" charge on accomplice testimony, given by the Court,[2] was not suffi-

1. The appellant's requested charge reads as follows:
"In a case where the defendant stands charged with being an accomplice to the receiving and concealing of personal property, knowing it to have been stolen, and the State uses the testimony of an accomplice witness who received and concealed the property, if it was stolen, then that accomplice testimony must be corroborated, *not only as to the charged offense, that is, accomplice to the receiving and concealing of stolen property fraudulently*, as hereinbefore explained, *but also such accomplice testimony must be corroborated as to the alleged receiving and concealing of the property by the accomplice witness.*
"Now, therefore, bearing in mind that Albert Ross was an accomplice, if any offense was committed, you are instructed that you cannot find the defendant, James Wayne Cagle, guilty of the offense charged against him upon the testimony of Albert Ross unless you first believe that said testimony is true and that it shows the defendant is guilty as charged in the indictment; and then you cannot convict the defendant *unless you further believe that there is other evidence in the case, outside the evidence of said Albert Ross, tending first, to show the commission of the alleged receiving and concealing personal property, by Albert Ross, knowing it to have been stolen, and tending, second, to connect the defendant with the commission of the offense charged against him in the indictment, that is unlawfully and willfully advising, commanding, and encouraging the said Albert Ross to*

*commit the said offense, the said James Wayne Cagle not being present at the commission of the said offense by the said Albert Ross,* and even then, before you can convict the defendant, you must believe, from all the evidence, beyond a reasonable doubt, that the defendant is guilty." (emphasis supplied.)

2. "You are instructed that before a person can be found guilty of being an accomplice to the offense of receiving and concealing stolen property of the value of $50.00 or over, the State must prove by legal evidence, beyond a reasonable doubt, that the offense of receiving and concealing stolen property of the value of $50.00 or over was actually committed as alleged in the indictment. In this case, therefore, before you can find the defendant guilty of the offense of being an accomplice to the offense of receiving and concealing stolen property of the value of $50.00 or over, as charged in the indictment, you must first find and believe from the evidence beyond a reasonable doubt that Albert Ross committed the offense of receiving and concealing stolen property of the value of $50.00 or over, as charged in the indictment, and should you have a reasonable doubt thereof, then you will find the defendant not guilty.
"You are further instructed that if any offense was committed, Albert Ross is an accomplice witness in this case. You cannot convict the defendant upon Albert Ross's testimony unless you first believe that his testimony is true and shows that the defendant is guilty as charged in the indictment,

cient in this case in which the appellant is charged as an accomplice and where the State relied upon the testimony of an accomplice witness to show not only that Ross received and concealed the property but also that the appellant advised, commanded and encouraged the commission of the offense of receiving and concealing the stolen property.

Cone v. State, 86 Tex.Cr.R. 291, 216 S.W. 190 (1919) supports the appellant's position in this case. There the defendant was convicted as an accomplice to the theft of an automobile. The Court held that in such a case the "stereotyped charge" on accomplice testimony was inadequate, and that it was necessary to charge the jury that the principal, who testified as an accomplice witness, must be corroborated both as to the theft and as to the fact that the defendant advised and encouraged him beforehand to commit the theft.

It appears from reading the State's brief that the State misconstrued the appellant's ground of error. The State argues that Ross's testimony as to the theft of the property need not be corroborated because the State did not rely upon Ross's testimony to show the theft of the property, but that it was shown by evidence independent of Ross's testimony. This argument is sound, but it begs the question raised by the appellant.

The confusion of the State is quite understandable. The appellant cited the cases of Kosel v. State, 140 Tex.Cr.R. 257, 144 S.W.2d 543 (1940) and Johnson v. State, 144 Tex.Cr.R. 496, 164 S.W.2d 702 (1942), not as direct authority in support of his ground of error but as being persuasive and illustrating the point he was attempting to make. Kosel and Johnson held that a standard jury charge on accomplice testimony was not sufficient where the defendant was charged with receiving and concealing stolen property (the defendants in those cases were not charged as accomplices to the receiving and concealing of stolen property as the appellant in this case is), and where the State was relying upon the accomplice testimony to show both the theft of the property and the receiving and concealing of the stolen property.[3]

Appellant has briefed several other grounds of error. He contends that the Court's refusal to charge the jury on circumstantial evidence was error. In view of the testimony of the accomplice in this record, we doubt that the requested charge on circumstantial evidence was necessary. Since this case is being reversed on another ground, we are not required to determine whether the evidence is sufficient to corroborate the testimony of the accomplice. Finally, we trust that, in the event of a retrial in this case, the complaints concerning the prosecutor's arguments which the appellant has brought forward will not again be before us.

For failure to give the requested charge concerning corroboration of the accomplice witness, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

and then you cannot convict the defendant unless you further believe that there is other testimony in the case, outside of the evidence of the said Albert Ross tending to connect the defendant with the offense charged in the indictment, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the defendant with its commission; and then, from all of the evidence you must believe beyond a reasonable doubt that the defendant is guilty."

3. Accord: Rountree v. State, 144 Tex.Cr.R. 576, 164 S.W.2d 847 (1942); Jolly v. State, 132 Tex.Cr.R. 102, 103 S.W.2d 161 (1937); Poon v. State, 120 Tex.Cr.R. 522, 48 S.W.2d 307 (1932); Hanks v. State, 55 Tex.Cr.R. 405, 117 S.W. 149 (1909).