**Larry Carnell FORTENBERRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60206.**

Court of Criminal Appeals of Texas, En Banc.

March 21, 1979.

Rehearing Denied May 2, 1979.

Joe L. Cox and Steve L. Hurt, Plainview, for appellant.

John R. Hollums, Dist. Atty., Floydada, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for capital murder. V.T.C.A., Penal Code Sec. 19.03. After the jury answered all punishment stage issues in the affirmative, the penalty was fixed at death. Art. 37.071, V.A.C.C.P. This case was tried in Hale County on a change of venue from Motley County.

In his 53rd and 54th grounds of error, appellant contends the trial court submitted an erroneous charge on the law requiring corroboration of an accomplice witness, over his objection.

Appellant was charged with the capital murder of Jalmar "Jinks" Wilson, the sheriff of Motley County, under Sec. 19.03(a)(1), supra:

"A person commits an offense if he commits murder as defined under Section 19.02(a)(1) of this code and:

"(1) the person murders a peace officer or fireman who is acting in the lawful discharge of an official duty and who the person knows is a peace officer or fireman; . . ."

Article 38.14, V.A.C.C.P., provides:

"A conviction cannot be had upon the testimony of an accomplice witness unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

The gravamen of capital murder as alleged against appellant in this case is that the deceased was a peace officer acting in the lawful discharge of an official duty at the time he was killed, and that appellant knew he was a peace officer. The state's primary witness was Stacy Carter, who acted with appellant in the commission of the offense, and who had pled guilty to the lesser included offense of murder and agreed to testify for the state at appellant's trial as part of a plea bargain. Carter gave the only direct evidence that appellant knew the sheriff was a peace officer. At the time he was shot, Sheriff Wilson was

not wearing a distinctive uniform, a badge, or a gun. The car he was driving displayed no official emblems or words, and was not equipped with lights on top, although there were red lights behind the front grill. The visibility of these lights was in dispute at trial. The passenger who was with the sheriff at the time of the shooting was unable to testify to any conversation by which the sheriff might have informed appellant of his authority.

On the matter of corroboration of the accomplice witness' testimony, the trial court first instructed the jury generally on the law of Art. 38.14, supra. It then applied the law to the facts in this language:

"The witness, Stacy Albert Carter, is an accomplice, if an offense was committed, and you cannot convict the Defendant upon his testimony unless you first believe that his testimony is true and shows that the Defendant is guilty as charged, and then you cannot convict the Defendant upon said testimony unless you further believe that there is other testimony in the case, outside of the evidence of the said Stace [sic] Albert Carter tending to connect the Defendant with the offense committed, if you find that an offense was committed, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the Defendant with its commission, and then from all of the evidence you must believe beyond a reasonable doubt that the Defendant is guilty of ·the offense charged against him."

Appellant timely objected to this portion of the court's charge, pointing out that it did not direct the requirement of corroboration to the specific elements that render the offense a capital crime. These are appellant's two objections on this issue that were overruled by the trial court:

"The Defendant objects to the charge as a whole for the reason that the same does not require the jury to find that the accomplice testimony has been corroborated in each element of the offense of capital murder, that is, that the deceased was a peace officer acting in the lawful discharge of an official duty and that this Defendant knew that the deceased was a peace officer."

"The Defendant objects to the charge as a whole and particularly the three paragraphs contained on page 4 of the said charge in that the same does not require the corroboration of the testimony of the accomplice in this case as to the elements of the case that elevate murder to capital murder, that is, the allegation of 'peace officer acting in the discharge of an official duty and knowledge of this Defendant that the deceased was a peace officer.' And the Defendant objects and excepts to the charge of the court contained in paragraph 4 thereof because it does not in any way differentiate the charge of accomplice testimony as to the allegations of murder and capital murder, and is calculated to mislead and confuse the jury as to what corroboration is necessary and whether there is in fact corroboration of the offense of capital murder, as to whether there is corroboration of the allegation in the indictment of acting in the discharge of an official duty and whether there is corroboration of the accomplice that the Defendant knew the deceased was a peace officer."

In its reply to these two grounds of error the state cites one case for the proposition that it is not necessary to corroborate an accomplice witness on all points, and that the only evidence required is that which would be sufficient to tend to connect the accused with the crime charged.

■ Although it is the general rule that the "usual" charge on Art. 38.14 is sufficient, that is not always the case. For example, in *Warren v. State,* 514 S.W.2d 458, the Court recognized the different requirement that applies to prosecutions for receiving and concealing stolen property. In that case the Court wrote:

"Although appellant asserts otherwise, the corroboration need only *tend* to connect the accused with the offense charged. Article 38.14, V.A.C.C.P. [citation omitted], and make the accomplice's

testimony more likely true than not. The accomplice need not be supported as to every element of the offense. *Sheffield v. State,* [Tex.Cr.App. 371 S.W.2d 49]. *In receiving and concealing cases, the corroboration required includes corroboration of defendant's knowledge that the property is stolen. Sanders v. State,* 144 Tex.Cr.R. 526, 164 S.W.2d 685 (1942); *Hall v. State,* 373 S.W.2d 252 (Tex.Cr. App.1963),  . . ." (Emphasis added.) Both *Hall* and *Sanders,* supra, stand squarely for the proposition that in a prosecution for receiving stolen property, "the thief must be corroborated both as to the theft and the receiving by the accused from the thief, with knowledge that the property had been stolen."

Another case, *Johnson v. State,* 144 Tex. Cr.R. 496, 164 S.W.2d 702, spoke directly to the jury charge issue in these words:

> "This charge followed approved precedent, and, ordinarily, would be deemed a sufficient application of the law requiring corroboration of an accomplice witness. *Quinn v. State,* 136 Tex.Cr.R. 131, 123 S.W.2d 890. *However, such a charge is insufficient in a case of receiving and concealing stolen property,* when the two essential elements of that offense, that is, the theft of the property and the receipt thereof by the accused, are shown by the testimony of the accomplice. *In such cases, it is necessary that the accomplice be corroborated* both *as to* the theft and the receipt of the stolen property by *the accused knowing it to have been so acquired, and that the charge on accomplice testimony should be so framed."* (Emphasis added.)

Appellant invokes this line of authority by the cases cited in his brief. He points out that the jury instructions to which he objected failed to instruct the jury that the accomplice witness must be corroborated on the very points that make this case one of capital murder, i. e., the elements from Sec. 19.03(a)(1), supra. Just as the accomplice witness in a receiving and concealing case must be corroborated on the matter of the defendant's knowledge that the property

was stolen, appellant argues, likewise must the accomplice witness in this capital murder case be corroborated on the matter of appellant's knowledge that the deceased was a peace officer.

In *Cagle v. State,* Tex.Cr.App., 505 S.W.2d 858, after being convicted as an accomplice to receiving and concealing stolen property, the defendant on appeal relied on this same line of authority as support for his position that an accomplice witness must be corroborated on the element of whether the defendant advised, commanded and encouraged the commission of the offense, such as to make him an accomplice. The Court held, "The 'usual' charge on accomplice testimony, given by the Court, was not sufficient in this case," and reversed the conviction for the failure of the trial court to charge the jury on the corroboration of the accomplice witness on the particular point raised.

In *Cone v. State,* 86 Tex.Cr.R. 291, 216 S.W. 190, relied on in *Cagle,* supra, the Court held:

> "It is not sufficient to charge, in cases of this character, simply that appellant was an accomplice witness and as such to be corroborated. That was necessary, of course, both as to the theft and as to appellant being an accomplice as alleged. The court in directing the minds of the jury as to the law should have instructed them, first, that the state must prove that Pullen was a principal and committed the theft, and that he must be corroborated in his testimony as to that issue; second, that the state must prove that appellant was an accomplice as charged in the indictment, and in the manner charged, and that Pullen's testimony was not sufficient to prove this; that he must be corroborated as to that issue."

■ These cases clearly show that the "usual" charge on accomplice witness testimony is not always sufficient, and the charge "in directing the minds of the jury as to the law" should state that the very basis of the offense charged must be corroborated. See also, *Cerda v. State,* 147

Tex.Cr.R. 390, 181 S.W.2d 278; *Brewer v. State*, 93 Tex.Cr.R. 213, 246 S.W. 663.[1]

■ In capital murder under Sec. 19.-03(a)(1), the very heart of the offense is that the victim was a peace officer (or fireman) who was acting in the discharge of an official duty, and that the accused knew the victim was a peace officer (or fireman). Appellant specifically objected that the accomplice witness instruction failed to direct the jury to the requirements of the law that Stacy Carter's testimony must be corroborated as to the facts that make this a death penalty case. The trial court committed reversible error when it overruled those objections.

For failure of the court to adequately instruct the jury on the statutory requirement that the accomplice witness must be corroborated, the judgment is reversed and the cause remanded.

DOUGLAS, J., dissents.

---

1. These cases were reversed for similar errors in seduction cases where corroboration was required by Art. 38.07, V.A.C.C.P. before repeal in 1973, which required corroboration of the

complaining witness' testimony " . . . by other evidence tending to connect the defendant with the offense charged."