Juan Pablo ROCHA, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–286–CR
(2297).

Court of Appeals of Texas,
Corpus Christi.

March 18, 1982.

Robert Rosenberg, Kahn & Maierson, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before BISSETT, YOUNG and GONZALEZ, JJ.

OPINION

YOUNG, Justice.

Juan Pablo Rocha was convicted by a jury of delivery of marijuana, a violation of Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 4.05 (Vernon Supp.1982), and he was assessed punishment by the jury of five years confinement. He contends that among other errors the trial judge failed to give a requested instruction. We reverse.

The testimony disclosed that through a contact made in their undercover capacity, members of the Harris County Sheriff's Department Narcotics Division learned of the defendant's willingness to sell one thousand pounds of marijuana. An officer met with the defendant on June 2, 1978, to discuss the sale. Negotiations resulted in an agreement to convey one thousand pounds of marijuana at a price of $75.00 per pound. Mr. Rocha told John Tanner, a sergeant with the Narcotics Division, that the marijuana was at a nearby ranch, and they arranged to meet later at a K-Mart parking lot. Two officers arrived at the parking lot that evening where they saw the defendant. Sgt. Tanner approached Mr. Rocha, who invited him to inspect the marijuana. Mr. Rocha led Sgt. Tanner to his pickup truck, and the two men walked toward the rear of the vehicle. Sgt. Tanner then opened the door of the camper shell, reached inside, and picked up a kilo of marijuana. When he had broken open the kilo and examined it to ascertain that it was in fact marijuana, he put it down and executed the arrest signal. Whereupon, other officers converged on the scene and arrested the appellant. At the trial, the jury returned a general verdict of guilty.

▪ Article 4476–15 § 1.02(8), Tex. Rev.Civ.Stat.Ann. (Vernon Supp.1982), defines "delivery" as the actual or constructive transfer of a controlled substance from one person to another or the "offer to sell" such a substance. The statute requires corroborating evidence in addition to the testimony of the offeree in order to base a conviction on the "offer to sell" theory. When the trial judge failed to include an instruction on the necessity of corroborat-

ing evidence, the appellant objected and offered such an instruction in a timely manner. Art. 36.15, Tex.Code Crim.Proc.Ann. (Vernon Supp.1982). It is the duty of the trial court to adequately instruct the jurors on the applicable law, and the refusal to give a requested instruction on the necessity of corroboration is reversible error. *Fortenberry v. State*, 579 S.W.2d 482 (Tex.Cr. App.1979). The effect of this error is to eliminate the "offer to sell" theory as a basis for the conviction. There are two other theories upon which the appellant could have been convicted, but because of the possibility that the verdict was based on a charge legally incapable of supporting a conviction, the case must be reversed. *United States v. Meriweather*, 440 F.2d 753 (5th Cir. 1971). See also *Yates v. United States*, 354 U.S. 298, 311, 77 S.Ct. 1064, 1073, 1 L.Ed.2d 1356 (1957); *United States v. Halbert*, 640 F.2d 1000, 1007 (9th Cir. 1981).

The judgment of the trial court is reversed and the cause is remanded for a new trial.