Charles **COUNTY**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 68950.

Court of Criminal Appeals of Texas, En Banc.

April 25, 1984.

Rehearing Denied May 23, 1984.

Charles D. Butts, San Antonio, for appellant; Shirley W. Butts, San Antonio, of counsel.

Bill M. White, Dist. Atty. and Keith Burris, Bill Harris, Barry Brown and John J. Horn, III, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

Appellant was convicted of the capital murder of Chere Buffington. The special issues required under Article 37.071(b), V.A.C.C.P., were submitted to the jury and were answered in the affirmative. Punishment was assessed at death.

In his first ground of error, appellant argues that the trial court erred in submitting an erroneous instruction on the law requiring corroboration of an accomplice witness. Appellant was charged with capital murder under V.T.C.A., Penal Code, Section 19.03(a)(3):

"(a) A person commits an offense if he commits murder as defined under Section 19.02(a)(1) of this code and:

" * * *

"(3) the person commits the murder for remuneration or the promise of remuneration or employs another to commit the murder for remuneration or the promise of remuneration; ..."

In its charge to the jury, the judge gave the following instruction to the jury on the accomplice witness testimony:

"You are further instructed that an 'accomplice', as that term is hereafter used, includes any person who committed the offense by his own conduct or who acting with intent to promote or assist the commission of the offense, solicits, encourages, directs, aids, or attempts to aid another person to commit the offense.

"A conviction cannot be had upon the testimony of an accomplice unless the jury first believe that the accomplice's testimony is true and that it shows the Defendant is guilty of the offense charged against him, and even then you cannot convict unless the accomplice's testimony is corroborated by other evidence tending to connect the Defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the Defendant with its commission.

"You are instructed that the witness Charles Moore is an accomplice, if an offense was committed. You cannot convict the Defendant upon his testimony unless you first believe his testimony is true and that it shows the Defendant is guilty of the offense charged against him, and even then you cannot convict the Defendant unless Charles Moore's testimony is corroborated by other evidence tending to connect the Defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the Defendant with its commission."

This instruction substantially tracked Article 38.14, V.A.C.C.P. Appellant objected to the charge and requested that an instruction be given which set out the requirement of corroboration to the specific elements of the offense that elevated it to a capital murder.

"The Defendant respectfully objects to paragraph '5' of the propsed (sic) charge further for the reason (as to 'accomplice testimony' of the accomplice witness Charles Moore) for the reason that such proposed charge is insufficient in law as to the manner and how Moore's testimony is to be corroborated, and how such is to be corroborated and to what extent such is to be corroborated as to the facts that make this a case of 'capital murder' against the Defendant CHARLES COUNTY, and the proposed charge or instruction herein complained of fails to advise and apprise the jury as to the amount of and nature and extent of corroboration that is required by law, as is required by law, particularly 19.02 and 19.03(a)(3), Texas Penal Code, and other applicable law, including the law of presumption of innocence and burden of proof."

In *Fortenberry v. State*, 579 S.W.2d 482 (Tex.Cr.App.1979), this Court held that in a case where the accused is charged with 19.03(a)(1) capital murder, the jury must be instructed, upon the defendant's request, that the accomplice witness' testimony *must* be corroborated as to the specific elements that make the offense a capital crime. Failure to so instruct the jury constitutes reversible error.

The requirement of this additional corroboration was extended to capital murder cases arising under Section 19.03(a)(3), supra, in *Granger v. State*, 605 S.W.2d 602 (Tex.Cr.App.1980):

"The essence of the capital murder offense as alleged against this appellant is that he committed the murder, in the words of the indictment, 'for remuneration and the promise of remuneration.' * * * To test the sufficiency of the corroboration in a capital murder case we are constrained to eliminate from consideration the evidence of the accomplice witness and then examine the evidence of other witnesses with the view to ascertain if there be any inculpatory evidence, that is, evidence of incriminating character which tends to connect the defendant with the commission of the offense as to that element which elevates the murder to capital murder. See *Fortenberry v. State*, supra. If there is such evidence, the corroboration is sufficient; otherwise, it is not. *Carrillo v. State*, 566

S.W.2d 902, 907 [ (Tex.Cr.App.1978) ]."
605 S.W.2d at 604, 605.

Because the trial court in the instant case refused to give the requested instruction and the jury was deprived of the opportunity to deliberate on the question of appellant's guilt with the guidance of proper jury instructions, we find reversible error.

In his thirteenth ground of error, appellant argues that he was deprived of a speedy trial. He bases his claim on both constitutional and statutory grounds.

The record shows that appellant was arrested for the instant offense on March 31, 1976. He was initially indicted for capital murder arising under Section 19.03(a)(2) on July 21, 1976. Over the course of the next twenty-two months, appellant's case was reset by agreement of both sides some thirteen times. Testimony at the hearing on appellant's motion showed the case was reset each time so that co-indictee Buffington could be tried first. In January of 1978, appellant filed a pro se motion for speedy trial. On June 13, 1978, appellant signed a waiver of speedy trial. Appellant was reindicted for capital murder arising under Section 19.03(a)(3) on April 26, 1979. On May 15, 1979, appellant filed a motion to dismiss for failure to grant a speedy trial. The hearing on appellant's motion was held on May 16, 1979. Testimony at the hearing by Charles Conaway, the prosecutor, showed that from January 24, 1977, to the time of the hearing the State was ready. Trial thereafter commenced on June 4, 1979.

■ The effective date of the Speedy Trial Act was July 1, 1978. Thus, in determining whether appellant was denied a speedy trial under the Act, Article 32A.02, V.A.C.C.P., we must consider only the delay occurring after July 1, 1978. *Goocher v. State*, 633 S.W.2d 860 (Tex.Cr.App.1982); *Wade v. State*, 572 S.W.2d 533 (Tex.Cr.App.1978).

■ A timely announcement of "ready" is a prima facie showing that the State is ready for trial, and upon such declaration the burden shifts to the defense to show otherwise. *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979). In the instant case, Charles Conaway of the Bexar County District Attorney's office testified at the hearing on appellant's motion to dismiss that the State had been ready to try the case from January 24, 1977 to the time of the hearing. This declaration set up the prima facie showing of readiness. Although the appellant established at the hearing that the case had been reset some thirteen times because the State wanted to try appellant after his co-indictee Buffington had been tried, appellant failed to demonstrate that the State was not ready for trial. In addition, the evidence shows that appellant and his attorney agreed to many if not all of these resettings and also desired that the disposition of appellant's case not be made until after Buffington's trial. Because we feel the appellant did not effectively rebut the State's prima facie showing of readiness, we find that the Speedy Trial Act was not violated by the State.

■ Appellant also raises a speedy trial claim under the Sixth Amendment of the United States Constitution. In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court emphasized that the Constitution does not require the State to try a defendant within a specific time period. Rather, the determination of whether a defendant's right to a speedy trial has been denied depends upon a balancing of four factors: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. See, *Phipps v. State*, 630 S.W.2d 942 (Tex.Cr.App.1982).

■ Although appellant was incarcerated over three years before he was tried, we find no violation of his speedy trial rights. The record shows that appellant and his counsel agreed to a large part if not all of the delay in that they wished to see appellant's co-indictee tried first. Lengthy delays alone do not indicate a denial of an individual's right to a speedy trial. See, *Grayless v. State*, 567 S.W.2d

**712** 

216 (Tex.Cr.App.1978) (two years and nine months); *Harris v. State,* 489 S.W.2d 303 (Tex.Cr.App.1973) (fifteen months); *Smith v. State,* 530 S.W.2d 827 (Tex.Cr.App.1975) (two years and four months); *Swisher v. State,* 544 S.W.2d 379 (Tex.Cr.App.1976) (three years and eight months); *Easley v. State,* 564 S.W.2d 742 (Tex.Cr.App.1978) (five years).

Furthermore, appellant has made no allegation or showing of how he was prejudiced by the delay. *Haas v. State,* 498 S.W.2d 206 (Tex.Cr.App.1973); *Russell v. State,* 598 S.W.2d 238 (Tex.Cr.App.1980); *Fields v. State,* 627 S.W.2d 714 (Tex.Cr. App.1982). He does not allege that his defense was impaired by the delay. In addition, appellant did not file his motion for speedy trial until twenty-one months after he was arrested. In *Barker v. Wingo,* supra, the Supreme Court noted that attention should be paid as to when the accused asserted his right to a speedy trial. Failure to assert the right or a lengthy delay in asserting the right makes it difficult to prove that an accused was denied a speedy trial.

Finally, we note that appellant signed a written waiver of his speedy trial rights on June 13, 1978. This waiver was filed the same day appellant signed it. Although the waiver has no impact in relation to appellant's claims under the Speedy Trial Act since that Act did not go into effect until July 1, 1978, it does relate to appellant's constitutional claim. Appellant argues now that he was fraudulently induced into signing the waiver. We find that the testimony at the hearing on his motion to dismiss does not support the allegation of fraud. Thus, we hold the waiver is valid. Appellant's rights to a speedy trial under the Sixth Amendment were waived. Appellant's thirteenth ground of error is overruled.

Because we have found reversible error in the failure of the trial court to give the proper jury instruction on the corroboration of the accomplice witness testimony, we find the judgment must be reversed. However, because we have found that ap-

pellant was not denied his right to a speedy trial, the case must be remanded for a new trial.

The judgment is reversed and remanded.

W.C. DAVIS, J., dissents.