NO.
12-05-00340-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

BLAKE TYRONE LITTLE, §                      APPEAL
FROM THE FIRST

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      SABINE
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Blake Tyrone
Little appeals his conviction for murder. 
In one issue, Appellant contends that the trial court erred when it did
not instruct the jury that a witness was an accomplice as a matter of law.  We affirm.

 

Background

            On January 18, 2002, Appellant drove
Ken Bimbo Tillery, Anthony Holmes, Wilma Good, and Darrell Gilbert from Jasper,
Texas into Sabine County, Texas.  They
went there to sell some drugs and to drop Tillery off at his home.  Tillery had told Wilma that he had been robbed
and left in Jasper, and she offered to pay for the gasoline for the trip to
take him home.

            The group proceeded to a home where
Anthony and Darrell sold some drugs to a friend of Tillery’s.  After the transaction, the group went toward
Tillery’s home.  The atmosphere in the
car was becoming increasingly tense because they were running out of gas and
because Tillery lived farther from Jasper than the others had thought.  Appellant stopped along FM Road 2426 for
Darrell and Anthony to relieve themselves on the roadside.

            The precise sequence of events that
followed was the subject of conflicting testimony at trial.  All the witnesses agreed that Appellant hit
Tillery with his car.  Appellant testified
that the men were fighting on the side of the road and that he began driving
forward in the heavy fog when Darrell suddenly threw Tillery in front of his
car.  Wilma testified that Appellant told
Darrell to pull Tillery into the road, saying that he was going to teach him a
lesson, and accelerated toward him.  A
police officer testified that he was able to identify acceleration marks from
where the car started and that it was fifty-three feet from where the car
started to where it struck Tillery.  From
that point, Tillery was dragged for another sixty-one feet.

            The party, now four, left the scene
and returned to Jasper.  They proceeded
to tell people in Wilma’s trailer park about what had happened.  Wilma then went to the hospital, complaining
of stress, and told the hospital personnel about what had happened.  The police were called, and Appellant was
arrested and gave a statement to the police. 
Tillery died as a result of the injuries he sustained.

            A jury found Appellant guilty of
murder and assessed punishment at seventy years of imprisonment.  An appeal followed, but we dismissed it as
untimely filed.  Little v. State,
No. 12-04-00203-CR, 2004 WL 1574521 (Tex. App.–Tyler 2004, no pet.) (not
designated for publication).  Appellant
applied for a writ of habeas corpus, contending that his retained counsel was
ineffective for failing to give timely notice of appeal.  In an unpublished opinion, the court of
criminal appeals granted relief to the extent that it allowed Appellant to file
an out of time appeal.  Ex parte
Little, No. AP-75231, 2005 WL 2086988 (Tex. Crim. App. 2005) (not
designated for publication).  This appeal
followed.

 

Accomplice
Testimony

            In his sole issue, Appellant argues
that Wilma Good was an accomplice as a matter of law and that the trial court
erred when it allowed the jury to determine if she were an accomplice.

Applicable Law

            Generally, we review jury
instructions under an abuse of discretion standard.  Wesbrook v. State, 29 S.W.3d
103, 122 (Tex. Crim. App. 2000).  When
the judge does not submit a requested instruction, the question on appeal is
whether that instruction was reasonable and within the mandates of Texas Code
of Criminal Procedure articles 38.22 and 38.23. 
See Mendoza v. State, 88 S.W.3d 236, 240 (Tex. Crim
App. 2002).  There was no objection to
the jury charge in this case, and so our review is for egregious harm.  Almanza v. State, 686 S.W.2d
157, 171–72 (Tex. Crim. App. 1988).

            An accomplice is a party who
participates before, during, or after the commission of a crime and who could
be prosecuted for the same offense as the defendant or for a lesser included
offense.  Blake v. State,
971 S.W.2d 451, 454-55 (Tex. Crim. App. 1998); Ex parte Zepeda,
819 S.W.2d 874, 875-76 (Tex. Crim. App. 1991). 
A person is not an accomplice if she is merely present at the scene of
the offense.  Blake, 971
S.W.2d at 454.

            A conviction may not be sustained on
the testimony of an accomplice unless there is other evidence “tending to
connect a defendant to the offense committed.” 
Tex. Code Crim. Proc. Ann.
art. 38.14 (Vernon 2005); Simpson v. State, 181 S.W.3d 743, 753
(Tex. App.–Tyler 2005, pet. ref’d).  The
corroborating evidence need not directly connect the defendant to the crime or
be sufficient by itself to establish guilt, but it must do more than merely
show the commission of the offense.  Tex. Code Crim. Proc. Ann. art. 38.14; Cathey
v. State, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999).

            The accomplice witness rule is a
statutorily imposed sufficiency review and is not derived from federal or state
constitutional principles that undergird the legal and factual sufficiency
standards of review.  Vasquez v.
State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002).  When considering whether there is sufficient
evidence to corroborate the testimony of an accomplice, we eliminate that
testimony from our consideration and examine the record to ascertain whether
the remaining evidence tends to connect the defendant to the offense.  McDuff v. State, 939 S.W.2d
607, 612 (Tex. Crim. App. 1997). 

            If there is a question as to whether
a witness is an accomplice, it is proper for the trial court to submit the
issue to the jury for resolution, and that course of action will be upheld even
if the evidence appears to preponderate in favor of the conclusion that the
witness is an accomplice as a matter of law. 
 Blake v. State, 971
S.W.2d 451, 455 (Tex. Crim. App. 1998); Harris v. State, 645
S.W.2d 447, 454 (Tex. Crim. App. 1983). 
Only when the evidence clearly and convincingly shows that the witness
is an accomplice as a matter of law is the judge bound to instruct the jury of
this fact.  Harris, 645
S.W.2d at 454; see also DeBlanc v. State, 799 S.W.2d 701, 708
(Tex. Crim. App. 1990); Sexton v. State, 51 S.W.3d 604, 613-14
(Tex. App.–Tyler 2000, pet. ref’d).

Analysis

            Reasonable minds could differ as to
whether Wilma Good was an accomplice as a matter of law or an accomplice at
all.  Wilma testified that she was
imploring Appellant to stop when he accelerated and struck Tillery.  Appellant argues that Wilma was an accomplice
because she was part of the conspiracy to sell drugs, which developed into a
conspiracy to kidnap Tillery, and that she should have anticipated Tillery’s
death.  Wilma denied that she was a part
of any conspiracy, but there is some support for the contention that she was
involved in the drug transaction.  Wilma
was not indicted for her actions the night Tillery was killed, but the district
attorney suggested that she would face some sanction.

            In an instance where the evidence is
conflicting as to whether a witness is an accomplice, it is appropriate for the
trial court to submit the question of whether a person is an accomplice to the
jury.  Blake, 971 S.W.2d at
455.  That is the case here.  Without objection, the trial court instructed
the jury of the accomplice witness rule and further instructed the jury that
they could not find Appellant guilty unless Wilma’s testimony was corroborated
by other evidence, or they found that she was not an accomplice beyond a
reasonable doubt.  The trial court did
not abuse its discretion when it decided that there was a question as to
whether Wilma was an accomplice.

            Even if the trial court erred,
Appellant did not suffer egregious harm. 
He could be egregiously harmed only if Wilma were an accomplice and if
the corroborative evidence was insufficient to link Appellant to the
offense.  As we stated previously,
reasonable minds could differ as to whether Wilma was an accomplice.  See, e.g., Sheffield v.
State, 847 S.W.2d 251, 258 (Tex. App.–Tyler 1992, pet. ref’d)
(Complicity with the accused in other crimes does not make the person an
accomplice for every crime the accused might commit.).  

            But reasonable minds would agree
that there was corroborative evidence, independent of Wilma’s testimony, that
tended to link Appellant to the crime. 
Although he said it was an accident, Appellant testified under oath that
he was driving the car and that he ran over Tillery.  This is a judicial admission that Appellant
was connected to the offense and corroborates any accomplice testimony.  See Thompson v. State,
54 S.W.3d 88, 94 (Tex. App.–Tyler 2001, pet. ref’d) (citing Farris v.
State, 819 S.W.2d 490, 495 (Tex. Crim. App. 1990), overruled on
other grounds, Riley v. State, 889 S.W.2d 290 (Tex. Crim. App.
1993)); see also Mays v. State, 726 S.W.2d 937, 942 (Tex.
Crim. App. 1986).  Furthermore, Appellant
called Anthony Holmes as a witness. 
Holmes was an accomplice as a matter of law, but the accomplice witness
rule does not apply to witnesses called by the defense.  See Selman v. State,
807 S.W.2d 310, 311–12 (Tex. Crim. App. 1991). 
Holmes’s testimony placed Appellant behind the wheel of the car when
Tillery was run over, although Holmes also stated that it was an accident.

            Without conceding that his testimony
corroborates Wilma’s testimony, Appellant argues that he has been harmed
nevertheless because there was no corroborative evidence of Wilma’s testimony
that he intended to hit Tillery with his car. 
This argument, however, has been expressly rejected by the court of
criminal appeals.  Prior to Holliday
v. State, 709 S.W.2d 194, 199 (Tex. Crim. App. 1986), the accomplice
corroboration requirement applied to each of the elements of an offense, or at
least to the element that distinguishes capital murder from murder.  The court of criminal appeals expressly
overruled this precedent and held that when the State relies on an accomplice
witness’s testimony, the testimony need only be material and corroborated by
independent evidence tending to connect the accused to the offense.  Id. at 199-200 (overruling County
v. State, 668 S.W.2d 708 (Tex. Crim. App. 1984) and Fortenberry
v. State, 579 S.W.2d 482 (Tex. Crim. App. 1979)).

            The corroboration must be to “criminative
facts” rather than inconsequential ones, but as the court points out, if there
were unimpeachable evidence of each part of an accomplice’s testimony, there
would be no need for the accomplice’s testimony at all.  Holliday, 709 S.W.2d at
199-200.  The statute requires merely
that there be evidence that tends to connect the accused to the offense.  Id. at 200; Tex. Code Crim. Proc. Ann. art.
38.14.  Appellant’s judicial confession
that he was connected to the killing of Ken Tillery is sufficient to connect
him to the offense.  See, e.g.,
Medina v. State, 7 S.W.3d 633, 642-43 (Tex. Crim. App. 1999)
(statements); Jackson v. State, 516 S.W.2d 167, 171 (Tex. Crim.
App. 1974) (judicial confession). 

            Reasonable minds could differ on the
question of whether Wilma was an accomplice. 
Therefore, the trial court acted appropriately when it left the
resolution of that question to the jury. 
In the unlikely event that the trial court abused its discretion,
Appellant suffered no harm because his testimony was sufficient to connect him
to the offense.  We overrule Appellant’s
sole issue.

Disposition

            We affirm the judgment
of the trial court. 

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion delivered July 31, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO
NOT PUBLISH)